CHARLES McCARTHY, Plaintiff, *v.* ROLAND ANDREWS et al., Doing Business as ANDREWS LUMBER COMPANY, Defendants.

Supreme Court, Special Term, Cayuga County, February 17, 1951.

*Gerald S. Hewitt* for defendants.

*Perry E. Leary* for plaintiff.

BLAUVELT, J. The plaintiff resides in Hamilton County and the defendants reside in Cayuga County. The plaintiff instituted this action in Supreme Court and designated Fulton County as the place of trial. The action is one upon an alleged contract to recover damages for goods sold and delivered by the plaintiff to the defendants, which sale and delivery occurred in Hamilton County.

Pursuant to rule 146 of the Rules of Civil Practice, defendants served the proper demand for change of place of trial to the proper county, the plaintiff failed to serve a written consent to the change as proposed by the defendants and the defendants now make a motion for an order directing that the place of trial be changed from Fulton County to Cayuga County where the defendants reside.

The place of trial of a civil action is governed by section 182 of the Civil Practice Act, which reads, in part, as follows: " An action in the Supreme Court not specified in the five following sections must be tried in the county in which one of the parties resided at the commencement thereof."

This cause of action is not one specified in either sections 182-a, 182-b, 183, 184 or 184-a, and therefore the proper place of trial is Cayuga County.

The language of section 182 is mandatory and the courts have uniformly held in cases such as this that a defendant is entitled as a matter of right to have the venue changed to the county where he resides, when the plaintiff has no residence in the county where the action is brought. (*Abbott Bread Co.* v. *Schlansky,* 242 App. Div. 774.)

The law is so well settled on this point that there would be no need for this decision except for a novel argument advanced by the plaintiff in opposition to the motion.

Plaintiff states in his affidavit filed herein that there has been no Trial Term of the Supreme Court appointed to be held in Hamilton County in 1951, but that a Trial Term of the Supreme Court has been appointed to be held " in the County of Fulton, wherein, as a matter of practice, trial terms must be conducted under Section 147 of the Judiciary Law, in actions with venues laid in Hamilton County."

Section 147 of article 5 of the Judiciary Law which relates to the Supreme Court, provides in part, as follows: " At least one special term and two trial terms must be appointed to be held in each year in each county separately organized. * * * Fulton and Hamilton counties shall be deemed one county for the purposes of this section."

The defendants are not bound by any customary practice which is adopted and followed by attorneys practicing in Fulton and Hamilton Counties, unless such practice is authorized by statute. The section of the Judiciary Law invoked by plaintiff by its very words limits its scope " for the purpose of this section " (Judiciary Law, § 147). It is not a limitation on matters

of absolute right afforded litigants under the provisions of section 182 of the Civil Practice Act, unless the Legislature shall so mandate.

The defendants have an absolute right to have the place of trial changed from the County of Fulton to the County of Cayuga, and an order to that effect may be entered, with $10 costs of motion.