Marshall E. Livingston, J.
This is a motion to change the venue in a negligence action from Ontario County to New York County.
The case arose out of an occurrence on April 17, 1966, when the plaintiff (Torres) was injured in the City of Geneva, New York either (1) as the result of the negligence of the police officers of said city, or (2) as the result of being ejected off a rear porch because of his provocative conduct. In either event, Torres sustained injuries at that time which rendered him a quadriplegic.
The action was duly and timely brought against the City of Geneva and two of its policemen in Ontario County where Geneva, New York is located. Thereafter, having second thoughts and within “ a reasonable time after commencement of the action” (CPLR 511, subd. [a]), a demand and motion were made to change the venue to New York County, the residence of Mr. Torres, who was and is a patient at Bird S. Coler Hospital, located on Welfare Island, New York, having been transferred from the Geneva, New York General Hospital on the day of the occurrence via Strong Memorial Hospital in Rochester, New York.
The motion to change the venue was heard and denied. No appeal was taken. The case was tried at a term of the Supreme Court in Ontario County in October, 1968. The jury brought back a “ no cause ”. An appeal was taken, and at the December, 1969 term of the Appellate Division, Fourth Department, the verdict was set aside and a new trial ordered (Torres v. City of Geneva, 33 A D 2d 880).
Plaintiff’s counsel, in his reply affidavit on this motion, verified April 10, 1970, states in paragraph 4: “Although the comments of the judges of the Appellate Division on the argument by plaintiff to reverse defendant’s judgement [sic] dismissing plaintiff’s complaint are not binding on this court, it should be noted that three of the judges separately enquired [sic] of .Herman Gerringer who argued the appeal whether the question of Change of Venue was before the court on that appeal.”
The procedural question .here presented is whether I have discretionary authority to now change venue and send the *737 matter to New York County on the grounds that “ the convenience of material witnesses and the ends of justice will be promoted by the change” (CPLR 510, subd. 3). (Italics supplied.)
The serious physical disability of Mr. Torres, although it has been static, his conceded quadriplegic condition, the fact of his residence in New York County and his conceded state of indigency are all powerful arguments to exercise discretion in his favor and direct a change of venue to New York County where, as trial counsel argues, an application for a preference would probably be granted.
However, the motion is denied, without costs, for these reasons:
(1) There is no reasonable assurance that this case would be accorded a preference in New York County (cf. Barash v. City New York, 270 App. Div. 945). I note that the Bronx and New York County Supreme Court Rules (22 NYCRR 660.9, subd. [c], par. [1]) provide: “If a preference is claimed in the note of issue, on motion of the justice presiding at the calendar part an action to recover damages for personal injuries resulting in permanent or protracted disability or to recover damages for causing death may be advanced to any ready day calendar or otherwise preferred for trial, as the court may deem the interests of justice to require, provided the venue of the action was properly laid in the county in which it is pending, within the requirements of CPLR article 5 ” (italics supplied).
In New York County, according to the statistical report of the Judicial Conference of the State of New York through December 31, 1969, there is a delay of 41 months in tort jury cases. When measured against the problematical granting of a preference to Torres if this motion were granted, the delay of 41 months might not be beneficial to Mr. Torres.
(2) The deciding factor, however, to me seems to be in CPLR 511 (subd. [a]) which states: “A demand under subdivision (b) for change of place of trial on the ground that the county designated for that purpose is not a proper county shall be served with the answer or before the answer is served. A motion for change of place of trial on any other ground shall be made within a reasonable time after commencement of the action. ’ ’
True, CPLR 504 (subd. 2) says the place of trial against a city (Geneva) shall be in the county in which such city is located; nevertheless Weber v. Lacey (281 App. Div. 290) points out that CPLR 504, 509 and 510 should be read together where the *738 convenience of witnesses is concerned. However, CPLR 511 (subd. [a]) is a procedural requirement in the nature of a time limitation within which a motion to change venue must be made.
Here this case has been tried. An attempt to change the venue was previously made and denied. No appeal was taken from the denial. Plaintiff’s trial counsel now inferentially urges that because three Judges of the Appellate Division on the argument of the appeal raised a question concerning whether or not venue was a point in the appeal, this indicates the court felt venue should perhaps be changed. It may also be interpreted that the court queried whether plaintiff accepted jurisdiction in Ontario County, and receiving no reply, did not pass on that point.
I am in no position to act as an appellate court on Justice Wither, who 30 months ago denied a change of venue. No additional facts warranting such a procedure have been presented with the possible exception of Dr. Geib’s statement that, “ it is my opinion that he is physically unable to withstand the strain and riguors [sic] of another trip to Canandaigua and that if he was compelled to take the trip it could be fatal However, Dr. Geib has not seen Mr. Torres in 18 months, and Dr. Hriko, the executive physician at Bird S. Coler Hospital, reported on March 4, 1970 that: “ At present he is not in need of active medical care. He has no decubiti ulcers and his physical ability is static. His treating physician Dr. Choi feels: in case the court will be held upstate he should be hospitalized. His present condition is fair.”
The motion to change the venue is denied.
Submit order. The order may provide, however, pursuant to the offer of the defendants, that Torres’ transportation to and from the trial and reasonable expenses by reason of his medical care, treatment and assistance in a hospital during the trial in Ontario County will be paid by the defendant City of Geneva, to be repaid to the defendant only in the event plaintiff is successful upon the trial.