Louis B. Heller, J.
This is an action to recover for personal injuries, property damages, etc., resulting from the collision between two motor vehicles on the George Washington Bridge.
From the affidavits submitted, it appears that the plaintiffs are residents of Westchester County while the defendant resides in New Jersey. The action was commenced on June 18, 1970 by .serving a copy of the summons pursuant to section 253 of the Vehicle and Traffic Law, on the Secretary of State, etc.
The defendant after serving a notice of appearance was subsequently served with a copy of the complaint and on October 30, 1970 he served his answer in which, excepting for admitting ownership, operation and control of his motor vehicle, he denied knowledge or information as to the relationship between the plaintiffs and denied all the other allegations of the complaint. The defendant then asserted an affirmative defense that the court has no jurisdiction of the matter and a counterclaim for property damage to his vehicle.
Plaintiffs now move to strike out the affirmative defense asserted by the defendant, claiming that by interposing a counterclaim he submitted to the court’s jurisdiction.
The defendant moves for a change of venue on the ground that Kings County is not the proper venue since the plaintiffs have resided and still reside in Westchester County and the alleged accident occurred in New Jersey. Plaintiffs counter this argument with the fact that defendant failed to comply with CPLR 511 and was guilty of laches.
The treaty between the State of New York and the State of New Jersey did “ not authorize the courts of this State to take jurisdiction of a nonresident under any powers granted by section 52 of the Vehicle and Traffic Laws ” (Clarke v. Ackerman, 243 App. Div. 446, 450). The court in Kowalskie v. Merchants & Miners Trams. Co. (76 N. Y. S. 2d 699, 700), cited Central R. Co. of New Jersey v, Jersey City (209 U. S. 478), where it was stated: ‘ ‘ the boundary line in the middle of the Hudson River, established by the treaty, fixed the line of sover *705 eignty * * * and that the provision of the treaty which granted New York exclusive jurisdiction over the waters on the New Jersey side of the boundary line did not affect the sovereignty of New Jersey over those waters ”.
From the above it would indicate that this court has no jurisdiction in the matter. However, as pointed out by Weinstein-Korn-Miller in New York Civil Practice (vol. 1, par. 302.15): “ Nevertheless, should the defendant seek affirmative relief by counterclaim, he would be in the position, in effect, of commencing an independent action”. By interposing a counterclaim for property damage to his vehicle, defendant submitted himself to the jurisdiction of this court (see, also, CPLR 303).
CPLR 510 specifies the three grounds that will authorize a change of venue from the county designated in the plaintiffs’ summons and complaint. The first numbered paragraph authorizes a change when the county designated by the plaintiff is not the proper one. For a change on the ground that the county designated by the plaintiff is improper, however, a special procedure is provided by CPLR 511 (subds. [a], [b]). See, also, 2 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 510.01.)
A defendant who wishes a change of venue on the ground that the county designated by the plaintiff is not a proper one should comply strictly with the procedure of CPLR 511 (subds. [a], [b]) by serving a demand for a change with or before his answer, and if no consent to the change is forthcoming within 5 days thereafter make his motion for change within 15 days thereafter. If he complies with this procedure, and can show on the motion that the county designated by the plaintiff is improper, he is entitled to the change as a “ matter of right ”. (McCarthy v. Andrews, 199 Misc. 656.)
In the action herein the defendant failed to comply with the provisions of CPLR 511 (subd. [a]). The instant motion was brought on January 25, 1971. This is six months after serving his notice of appearance and three months after serving his answer. He excuses the delay by claiming that neither the defendant nor his attorney had knowledge as to the proper address of the plaintiffs. This can hardly be the fact since the officer of the Port of New York Authority made a report at the time of the accident, clearly indicating the addresses of the parties involved.
In the absence of the timely service of a demand and consent and after the expiration of the period designated for the defendant to move, a motion to change the place of trial to a proper one should be denied for laches (Phillips v. Tietjen, *706 108 App. Div. 9). The language of the statute would seem to leave no room for doubt that the demand is an essential prerequisite for a motion to change the place of trial to the proper county.
CPLR 511 (subd. [a]) is a procedural requirement in the nature of a time limitation within which a motion to change the venue must be made (Torres v. City of Geneva, 62 Misc 2d 735). It has been held that when a motion is made late, change of venue is not a matter of right, but a matter of court discretion (Gettinger v. Lattingtown Harbour Development Co., 33 Misc 2d 170). Here there is no excuse for the delay and a late motion may be denied for laches (Phillips v. Tietjen, supra).
Accordingly plaintiffs’ motion to strike out defendant’s affirmative defense is granted and defendant’s motion for a change of venue is denied.