Edward Goodell, J.
This motion, made by the plaintiff, to dismiss the affirmative defense that the court does not have jurisdiction over the persons of the defendants George Rosenthal and G. R. Trucking Co. raises the question of whether a New York court has jurisdiction over nonresident defendants responsible for an accident that occurred at the New Jersey toll plaza of the George Washington Bridge.
Concededly the accident occurred when the plaintiff’s automobile was struck in the rear by the defendants’ automobile at the “ Toll Plaza, N. J. Washington Bridge, N. J.” Concededly also service of process upon the defendants, both nonresidents, was effected through the Secretary of State of New York pursuant to section 253 of the Vehicle and Traffic Law.
In substance the defendants ’ position with regard to the accident is ‘ ‘ that the place of occurrence was not within the territorial limits of the State of New York,” while the plaintiff contends that “ the George Washington Bridge in its entirety is the joint property of the State of New York and New Jersey ” and, therefore, that “ the accident occurred both in the State of New York and New Jersey and that jurisdiction in this case would exist in either of these states.”
The treaty of 1834 between New Jersey and New York fixed the boundary line between the two States at the middle of the Hudson River. If, therefore, the issue of jurisdiction is considered solely upon the basis of the treaty, it is apparent that the accident occurred in New Jersey. (Clarke v. Ackerman, 243 App. Div. 446; Preisler v. Velasquez, 65 Misc 2d 703.)
The question then is whether the compact between New York and New Jersey creating the Port of New York Authority, a bi-State agency (L. 1921, ch. 154), modified the treaty, as urged by the plaintiff, so that the vehicular surface of the bridge may be regarded as being within the territorial jurisdiction of both States for the purpose, at least, of enabling the courts of New York State to obtain jurisdiction of nonresidents under section 253 of the Vehicle and Traffic Law.
This theory, while novel, is not without appeal but the plaintiff has not submitted any authority to support it and both the compact and precedent point to a different conclusion.
Article XX of the compact (L. 1921, ch. 154) specifically states that: 1 ‘ The territorial or boundary lines established by the agreement of eighteen hundred and thirty-four, or the jurisdiction of the two states established thereby, shall not be changed except as herein specifically modified.”
*145 Examination of the compact does not indicate any such modification of the treaty of 1834.
In Clark v. Ackerman (243 App. Div. 446) the Appellate Division had occasion to consider a fact situation very similar to the one involved in this case. There the accident occurred on the George Washington Bridge at a point approximately 800 feet west of the center of the bridge. There, too, the defendant, a nonresident, was crossing from New Jersey to New York. As in this case the summons was served pursuant to section 52 of the Vehicle and Traffic Law, the predecessor of section 253. The court held (p. 447), on the basis of the treaty of 1834, that “ the tort alleged in the complaint occurred within the territorial confines of the State of New Jersey.” While the opinion does not discuss the point raised by the plaintiff, it is significant that the decision was reached in 1935, 14 years after the compact was approved by Congress and the Port of New York Authority was created. (See, also, Preisler v. Velasquez, 65 Misc 2d 703.)
The conclusion that I reach is that the compact confirmed the underlying jurisdictional premise of the treaty, that the boundary line between the two States is the middle of the Hudson Biver, and explicitly affirmed that the creation of the Port Authority did not modify the jurisdiction of either State. There is no persuasive reason, in my view, in the light of the text of the compact and the precedents for deciding that the compact changed the concept that the jurisdiction of the courts of each State extends to but not beyond the middle of the Hudson Biver.
Accordingly the service of process upon the defendants George Bosenthal and G. B. Trucking Co. pursuant to section 253 of the Vehicle and Traffic Law was unauthorized, the plaintiff’s motion to dismiss the affirmative defense is denied and the complaint is dismissed against the said defendants for want of jurisdiction.