CALLANAN INDUSTRIES, INC., et al., Appellants, *v.* SOVEREIGN CONSTRUCTION COMPANY, LTD., et al., Respondents. (Action No. 1.)

SOVEREIGN CONSTRUCTION COMPANY, LTD., Respondent, *v.* CALLANAN ROAD IMPROVEMENT COMPANY, INC., et al., Appellants. (Action No. 2.)

Third Department, April 25, 1974.

*Harry R. Hayes* (*Thomas J. Fori* of counsel), for appellants.

*Herzog, Nichols, O'Brien & Leahy* (*Lester R. Rubin* of counsel), for respondents.

STALEY, JR., J. P. This is an appeal from an order of the Supreme Court at Special Term, entered November 8, 1973 in Albany County, which denied the motion of the plaintiffs in Action No. 1 to consolidate the two actions with venue fixed in Albany County, and granted the motion of the plaintiff in Action No. 2 fixing venue of that action in Rockland County.

This appeal is presented upon a statement in lieu of record on appeal pursuant to CPLR 5527. It is agreed in the statement that the issue to be determined is "whether the lower court properly fixed venue of the consolidated action in Rockland County."

On May 14, 1971, Sovereign Construction Company, Ltd., The Callanan Road Improvement Co., Inc., and M-Gard Construction, Inc. entered into a written agreement for the performance of certain work in the construction of a project known as the South Mall Towers in the City of Albany. Continental Multiplex, Inc. was the general contractor; Sovereign Construction Company, Ltd. was a subcontractor and Callanan Industries, Inc. (successor by merger to Callanan Road Improvement Co., Inc.) and M-Gard Construction, Inc. were subcontractors of Sovereign Construction Company, Ltd. The agreement provided that "any controversy or claim arising out of or relating to this agreement or the breach thereof shall be finally settled by the Courts of the State of New York, Rockland County," and also provided: "The rights of the parties shall be construed pursuant to the Laws of the State of New York. The SUBCONTRACTOR agrees that it will not commence any action, whether in law or in equity, against the CONTRACTOR or its sureties on bonds, if any, because of any matter whatsoever arising out of the alleged breach or performance of this subcontract agreement, in any Courts other than those in the County of Rockland, State of New York ".

On May 1, 1973, Callanan Industries, Inc. and M-Gard Construction, Inc. commenced Action No. 1 in the Supreme Court, County of Albany, by service of a summons and complaint upon the three defendants in that action. Sovereign Construction Company, Ltd. commenced Action No. 2 by the service of a summons on May 2, 1973 upon Callanan Industries, Inc. and, on May 8, 1973, upon M-Gard Construction, Inc. Venue in this action was fixed in Rockland County. On May 18, 1973, Callanan

and M-Gard served a notice of appearance in this action brought pursuant to CPLR 3031 entitled "Simplified procedure for court determination of disputes — action without pleadings."

On June 5, 1973, defendants served an answer to the complaint in Action No. 1, and, on June 6, 1973 pursuant to CPLR 511, defendants served a demand for a change of venue to Rockland County based upon the provisions of the May 14, 1971 agreement. On June 7, 1973, plaintiffs served an affidavit in opposition to the demand for a change of venue which (1) objected to the timeliness of the demand; (2) alleged that the contractual provision fixing venue was unenforceable as being against public policy as the cause of action arose in Albany County, concerned the improvement of real property in Albany County and none of the parties reside in Rockland County, and (3) the labor and material payment bond required that any action thereon be brought in Albany County. On June 8, 1973, plaintiffs served a reply to defendants' answer.

By notice of motion dated July 18, 1973, plaintiffs in Action No. 1 sought an order (1) consolidating the two actions;. (2) fixing venue in Albany County; and (3) designating them as plaintiffs in the consolidated action with the right to open and close. By notice of cross motion dated July 24, 1973, plaintiff in Action No. 2 sought an order (1) consolidating the two causes of action, and (2) fixing the venue in Rockland County by reason of the provisions of the agreement of May 14, 1971.

Special Term denied the motion to fix venue in Albany County; granted the cross motion to fix venue in Rockland County; and ordered the two actions consolidated. That part of Sovereign's motion seeking an order directing the parties to proceed pursuant to CPLR 3031 was denied, with leave to Sovereign to renew that motion in the Supreme Court, Rockland County.

Plaintiffs in Action No. 1 contend that Sovereign, having failed to demand a change of venue prior to or with the service of its answer in Action No. 1, lost its right to move for a change of venue based upon the provisions of CPLR 501, and that its cross motion could only be based upon grounds set forth in CPLR 510; that the contractual provision is against public policy and may not be enforced despite the provisions of CPLR 501; that the venue of the consolidated actions should be fixed in Albany County.

Even though the plaintiffs in Action No. 1 may have selected an improper county for the place of trial, the action will, nevertheless, be tried in that county unless the defendants object. (CPLR 509.) To raise the objection defendants must, with or

before the service of answer, serve a written demand that the action be tried in a proper county, specifying such county. (CPLR 511, subd. [a].) This the defendants failed to do. Their demand for a venue change was served one day after the service of their answer. Thereafter, the defendants may move to change the place of trial within 15 days after service of the demand, unless within 5 days after such service plaintiffs serve a written consent to change the place of trial. (CPLR 511, subd. [b].) No such consent was served by the plaintiffs in this case, and the defendants waited longer than the prescribed 15 days to serve their notice of motion.

Having failed to make a timely demand for a change of venue required by subdivision (a) of CPLR 511 and having failed to make a motion within the 15-day requirement of subdivision (b) of CPLR 511, defendants were not entitled to a change of venue as a matter of right and their motion thus became one addressed to the court's discretion (2 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 510.06 and 511.05; *Du Pont* v. *Bank of Utica,* 9 A D 2d 807; *Reichenbach* v. *Corn Exch. Bank Trust Co.,* 249 App. Div. 539; *Preisler* v. *Velasquez,* 65 Misc 2d 703).

Under the circumstances of this action, it cannot be said that Special Term abused its discretion in granting the motion to change the venue of Action No. 1 to Rockland County. The provisions of the agreement of May 14, 1971 are very specific that any action resulting from the contract shall be commenced in the courts of Rockland County. The agreement also provides that any subcontractor expressly waives any and all rights it might have by reason of the surety bonds. A provision in the bond fixing venue in Albany County was waived by the subcontractors.

Plaintiffs in Action No. 1 also contend that the contractual provisions fixing the place of trial in Rockland County is against public policy when none of the parties reside in that county, and the cause of action did not arise in the county. CPLR 501 provides that a "written agreement fixing [the] place of trial, made before an action is commenced, shall be enforced upon a motion for a change of place of trial" subject, however, to the provisions of subdivision 2 of CPLR 510 which are inapplicable in this case. Inherent in this section, however, is the limitation that the action be brought in a court of competent jurisdiction. Both of these actions were brought in the Supreme Court, although in different counties. Therefore, no question of jurisdiction arises since the Supreme Court is a single State-wide court. (*Benson* v. *Eastern Bldg. & Loan Assn.,* 174 N. Y. 83.)

CPLR 503 provides, in part, as follows: " Except where otherwise prescribed by law, the place of trial shall be in the county in which one of the parties resided when it was commenced." However, section 501 specifically authorizes a written agreement fixing the place of trial before an action is commenced. Such agreements having been authorized by the Legislature, they can hardly be deemed against public policy, providing, of course, that the action is brought in a court having a sufficiently broad jurisdiction to entertain the same. Had the Legislature intended that the right to fix the place of trial be limited to a county where one of the parties resides or has a place of business, it would have so stated.

The order of Special Term enforcing the provisions of the written agreement fixing the place of trial in Rockland County was a proper exercise of discretion.

The order should be affirmed, with costs.

SWEENEY, KANE, MAIN and REYNOLDS, JJ., concur.

Order affirmed, with costs.