■ MARINE MIDLAND BANK, Respondent, v CELEBRITY HOMES OF STONEY BROOK, INC., Defendant, and JACK B. SHAPSES et al., Appellants.—Appeal from an order of the Supreme Court, Suffolk County, dated September 21, 1976, dismissed as academic. That order was superseded by so much of a further order of the same court, dated November 29, 1976, as, upon reargument, adhered to the original determination. Order dated November 29, 1976 affirmed insofar as reviewed. No opinion. Plaintiff is awarded one bill of $50 costs and disbursements. Damiani, J. P., Titone, Shapiro and Cohalan, JJ., concur.

■ NASSAU INSURANCE COMPANY, Appellant, v MARIE DAVIS, Respondent.—In a proceeding to stay arbitration, the appeal is from a judgment of the Supreme Court, Queens County, dated June 20, 1977, which, *inter alia,* denied the application. Judgment reversed, on the law, without costs or disbursements, and proceeding remitted to Special Term for a hearing and a new determination in accordance herewith. In opposing the petition for a stay of arbitration, the respondent submitted a Department of Motor Vehicles FS-8.7 form indicating that the driver at fault had not insured his car as of the date of the accident. As a general rule, the introduction of such a form is sufficient, in the absence of proof to the contrary, to establish that the offending vehicle was uninsured at the time of the accident *(Zelanka v MVAIC,* 32 AD2d 847). Here, however, petitioner has presented evidence that the offending car was insured by Government Employees Insurance Company (GEICO) when the accident occurred. In addition, petitioner submitted an affidavit from the wife of the since deceased driver to the effect that she had not received any cancellation form from GEICO. Finally, in the light of the recent decision in *County-Wide Ins. Co. v Zanfardino* (NYLJ, July 8, 1977, p 12, col 2), it is likely that even if GEICO had sent a cancellation notice, that such notice did not operate to terminate the policy coverage. Accordingly a serious question of fact exists as to which petitioner is entitled to a hearing. Martuscello, J. P., Rabin, Margett and O'Connor, JJ., concur.

■ SALLY O'SHAUGHNESSY, Respondent, v ANTHONY M. MARCHESE, Appellant.—In an action, *inter alia,* to impress a trust on real property, defendant appeals from an order of the Supreme Court, Nassau County, entered May 6, 1977, which denied his motion to transfer the action to the Supreme Court, Queens County. Order affirmed, with $50 costs and disbursements. The motion for a change of venue on the ground that the county designated by the plaintiff is not a proper one under CPLR 507, brought almost two years after the answer was served (cf. CPLR 511, subd [a]), was not made until after the cancellation of the notice of pendency, pursuant to stipulation, and the sale of the real property. On this record the denial of the motion constituted a proper exercise of discretion (see 2 Weinstein-Korn-Miller, NY Civ Prac, pars 507.01, 509.01, 510.06, 511.05; see, also, *Callanan Ind. v Sovereign Constr. Co.,* 44 AD2d 292; *Preisler v Velasquez,* 65 Misc 2d 703). Damiani, J. P., Titone, Shapiro and Cohalan, JJ., concur.