OPINION OF THE COURT
Sidney Leviss, J.
In this action to restrain defendants from striking or conducting other job actions allegedly in violation of the Taylor Law (Civil Service Law, art 14), defendants move to change venue from New York County to this county. Defendants’ claim is based not only upon a contention of improper venue but also upon a claim that the change is necessary for the convenience of witnesses.
The action was commenced by the service of a summons and complaint on or about February 13, 1980. Thereafter the action was removed to the Federal District Court for the Southern District of New York. On February 25, 1980 that court remanded the matter to the Supreme Court, New York County. Defendants then made the instant motion.
It is plaintiff’s contention that the motion is improper in that a demand to change venue was not served by the defendants pursuant to CPLR 511. Failure to serve a demand is not fatal (Callanan Inds. v Sovereign Constr. Co., 44 AD2d 292). Even if the absence of a demand prevents the change as a matter of right, it remains an application to the discretion of the court (Callanan Inds. v Sovereign Constr. Co., supra; De Litta v Milde, 52 AD2d 548).
The plaintiff chose venue based on the provisions of CPLR 505 concerning actions involving public authorities. It is the defendants’ contention that plaintiff is not a public authority and that the statute is inapplicable. Plaintiff is a "Public Benefit Corporation” organized by the Metropolitan Transportation Authority pursuant to the provisions of section 1266 of the Public Authorities Law. A public authority is an *222 independent autonomous public corporation created by special act of the Legislature (NY Const, art X, § 5; Matter of Plumbing, Heating, Piping & Air Conditioning Contrs. Assn. v New York State Thruway Auth., 5 NY2d 420). The purpose of requiring a "special act” is to have the Legislature "pass directly itself upon the establishment of each new authority”. (Revised Record, 1938 Convention, vol 3, p 2259.) Clearly then, plaintiff, created by the Metropolitan Transportation Authority and not a special act of the Legislature, is not a public authority.
Plaintiff is a corporate entity (General Construction Law, § 65) and is therefore governed by the provisions of CPLR 503. Pursuant to that section, venue may lawfully be fixed in the county of plaintiff’s principal office. Generally the principal place of business of a corporation is said to be the place designated in the certificate of incorporation (General Precision v Ametek, Inc., 24 AD2d 757). Defendants contend that plaintiff’s principal place of business was improperly set forth in the certificate of incorporation. Under the General Business Law it is required that the place in which the office of the corporation is to be located shall be set forth (Business Corporation Law, § 402, subd [a], par [3]). Plaintiff was incorporated under a certificate which, by law, contained "the location of its principal office” (Public Authorities Law, § 1266, subd 5). It appears that defendants raised their contention on a question of tense, claiming that the Metropolitan Transportation Authority was required to set forth the present actual principal office of the railroad. It appears to the court that determination of venue upon a statutory interpretation revolving around tense, is wholly improper. If "principal place of business”, as defined in the certificate of incorporation, is sufficient to establish venue in the case of a business corporation, it should likewise be sufficient in the case of a public benefit corporation. Under the circumstances, venue selected by the plaintiff is proper.
Defendants’ contention that venue should be changed to this county for the convenience of witnesses is likewise without merit. Substantially, all of the witnesses referred to by either party are officers of the parties. Additionally, the court finds no reasonable basis upon which to conclude that either New York or Queens County is more convenient for the witnesses involved in the instant litigation.
Accordingly, the motion is denied.