## SECOND DEPARTMENT, MARCH, 1982

## (March 1, 1982)

■ LUIS ABREU, Appellant, v NATIONWIDE MUTUAL INSURANCE COMPANY, Respondent. — Appeal by Luis Abreu from an order of the Supreme Court, Kings County (Rader, J.), dated September 25, 1979, which denied his motion for leave to reargue his application to confirm an arbitration award. (We deem the motion to have been one for renewal of the prior application.) Order reversed, on the law, with $50 costs and disbursements, motion for leave to renew granted, and upon renewal, order dated June 4, 1979 denying Abreu's application to confirm vacated, and application granted. Special Term erred in refusing to set aside the prior order, denying Abreu's application to confirm the arbitration award on the ground the award was not duly acknowledged by the arbitrator. The record reveals that included in the papers submitted by Abreu on the motion for renewal was the subject award containing the required acknowledgment obtained by Abreu a short time after the application to confirm the award was denied. "Correction of the award by supplying the omitted acknowledgment after the award was signed [is] within the discretion of the court, [is] required to effect the intent of the award and to promote justice between the parties, and [does] not affect a substantial right of any party on the merits of the controversy" (cf. *Matter of Verly Bldg. Corp. [Gertner]*, 264 App Div 885, 886). The addition of the acknowledgment to the award was a ministerial act which not only did not invalidate the award, but was necessary in order for it to be enforced (cf. *Matter of Flotill Prods. [Buitoni Foods Corp.]*, 14 AD2d 328). Mollen, P. J., Titone, O'Connor and Thompson, JJ., concur

■ GEORGE ALBAMONT, Appellant, v UTICA MUTUAL INSURANCE COMPANY, Respondent. — Appeal from an order of the Supreme Court, Orange County (O'Gorman, J.), dated May 1, 1981, which, *inter alia,* granted a motion to stay arbitration. Order affirmed, without costs or disbursements. The insurer has adduced sufficient evidence that the offending vehicle was insured when the accident occurred to justify a hearing. (See *Nassau Ins. Co. v Davis,* 60 AD2d 882; *Matter of Maryland Cas. Co. [Gravitt]*, 37 AD2d 820). Damiani, J. P., Mangano, Weinstein and Bracken, JJ., concur.