■ HILDA MAYER, Appellant, v GERALD M. FLEISCHNER et al., Respondents. (Action No. 1.) HILDA MAYER, Appellant, v ROBERT LAPIN, et al., Respondents. (Action No. 2.) — Order of the Supreme Court, Bronx County (Callahan, J.), entered on July 17, 1981, which granted the motion by defendants for a change of venue from Bronx County to Westchester County and denied plaintiff's cross motion for consolidation, is reversed, on the law, the facts, and in the exercise of discretion, without costs or disbursements, the motion for a change of venue denied and the cross motion for consolidation granted. This is a medical malpractice case arising out of the treatment which the plaintiff, now deceased, received during two separate periods of hospitalization in 1979 at the Albert Einstein College of Medicine. Action No. 1 was instituted in October of 1979 against defendants Gerald M. Fleischner, Rama P. Coomarasway, J. Bradford and the Albert Einstein College of Medicine. During the course of discovery, certain information was disclosed which resulted in the commencement of Action No. 2 in January of 1981 against defendants Robert Lapin and Joel Roscoff. Robert Lapin moved for a change of venue from Bronx County to Westchester County, a request that Fleischner and Coomarasway ultimately also made. In granting the change of venue, Special Term held that since only one party, the hospital, is a resident of Bronx County, Westchester County is a more convenient forum. However, it is a settled rule that a transitory action, all things being equal, should be tried in the county where the cause of action arose. (*Lundgren v Lovejoy, Wasson, Lundgren & Ashton,* 82 AD2d 912; see, also, *Slavin v Whispell,* 5 AD2d 296; *Seabrook v Good Samaratin Hosp.,* 58 AD2d 538.) In the instant matter, the alleged negligence occurred in Bronx County. Although a decision to transfer venue generally rests within the discretion of the trial court, a motion for a change of venue must be supported by the requisite factual showing. (*Stavredes v United Skates of Amer.,* 87 AD2d 502.) The record herein does not contain any affidavit setting forth the names of prospective witnesses, their residences or the materiality of their testimony. Instead, the defendants base their demand for a change of venue largely on their own convenience, this despite the fact that "the convenience of the parties themselves or that of their employees will not be considered." (*Stavredes v United Skates of Amer., supra; Lundgren v Lovejoy, Wasson, Lundgren & Ashton, supra.*) In any event, since the defendants all maintain professional offices in Bronx County, they can hardly claim any prejudice in having the matter tried in Bronx County. Thus, Special Term was not warranted in

granting the motion for a change of venue. As for plaintiff's cross motion to consolidate, it is clear that the two actions arise out of one course of treatment, the evidence to be introduced in each case will be substantially the same, and the parties and witnesses are largely the same. Under these circumstances, the two actions should properly be consolidated. Concur — Sullivan, J. P., Silverman, Bloom, Milonas and Kassal, JJ.