■ DOUGLAS PERER, Appellant, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Defendant and Third-Party Plaintiff-Respondent. CITY OF WHITE PLAINS, Defendant and Third-Party Defendant-Respondent, et al., Defendant. — In an action to recover damages for personal injuries, plaintiff appeals from two orders of the Supreme Court, Westchester County (Coppola, J.), both dated January 15, 1982, which respectively granted the motions of the City of White Plains for a change of venue, and, as limited by his brief, from so much of a further order of the same court, dated March 11, 1982, as, upon reargument, adhered to the original determinations. Appeals from orders dated January 15, 1982 dismissed, without costs or disbursements. Those orders were superseded by the order dated March 11, 1982, made upon reargument. Order dated March 11, 1982 reversed insofar as appealed from, on the law, without costs or disbursements, orders dated January 15, 1982 vacated, and motions denied. Plaintiff commenced this action against Consolidated Edison Company of New York and designated New York County, its principal place of business, as the place of trial (see CPLR 503, subd [c]). Consolidated Edison in turn commenced third-party actions, *inter alia,* against the City of White Plains, and UA-Columbia Cablevision of Westchester, Inc. The record shows that plaintiff timely opposed the city's demand to remove the main and third-party actions to Westchester County pursuant to CPLR 511 (subd [b]), and that plaintiff timely amended its complaint to add the city and cable television company as defendants in his action pursuant to CPLR 1009. In so doing, plaintiff served a summons on the city. In response, the city served a second demand for a change of venue. The city made two separate motions to change venue returnable at Special Term, Part I, of the Supreme Court, Westchester County, in violation of CPLR 511 (subd [b]), which required it to make the motions in New York County, where plaintiff had laid venue. The city alleged in both motions that plaintiff had failed timely to oppose its CPLR 511 demand. It also argued in the second motion that because plaintiff's service of a summons upon it constituted a separate action, venue was proper only in Westchester County pursuant to CPLR 504, which governs actions against municipalities. Plaintiff pointed out to Special Term that the city's arguments were disingenuous, and we agree with him. There was but a single main action, properly venued in New York

County, and plaintiff timely opposed the city's original CPLR 511 demand for a change of venue when the city was added as a third-party defendant. Plaintiff's joinder of the city as a defendant in the main action thereafter resulted in a conflict between the venue provisions in CPLR 503 and 504, but CPLR 502 specifically provides that in such an event the court "shall order as the place of trial one proper under this article as to at least one of the parties or claims". Here not only did the city improperly move for a change of venue before Special Term in the Supreme Court, Westchester County, but plaintiff informed that court that the Supreme Court, New York County, had already ordered the matter onto the Trial Calendar of the latter court after fixing a date for completion of discovery. Under these circumstances, Special Term, Westchester County, erred in initially granting the city's motions. The order dated March 11, 1982, adhering to the prior determinations granting a change of venue must accordingly be reversed insofar as appealed from and the motions to change venue denied. Damiani, J. P., Gulotta, O'Connor and Brown, JJ., concur.