■ THERESA LOSICCO, Respondent, v GARDNER'S VILLAGE, INC., Defendant and Third-Party Plaintiff-Respondent. TOWN OF HEMPSTEAD, Third-Party Defendant, and COUNTY OF NASSAU, Third-Party Defendant-Appellant. — In an action to recover damages for personal injuries, third-party defendant County of Nassau appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Lerner, J.), dated March 31, 1983, as denied its motion for a severance of the third-party action from the main action and for a change of venue to Nassau County or, in the alternative, to strike the third-party action from the Ready Calendar. Order affirmed insofar as appealed from, with one bill of costs. Although the proper venue for an action against a county is in that county (CPLR 504, subd 1), Nassau County failed to make a timely statutory demand for a change of venue (CPLR 511, subd [a]). It is thus foreclosed from obtaining a change of venue pursuant to CPLR 504 and the issue is committed to the court's discretion (*Callanan Inds. v Sovereign Constr. Co.,* 44 AD2d 292, 295). While the convenience of public officers is entitled to great weight in ascertaining whether a change of venue is warranted (see *Powers v East Hudson Parkway Auth.,* 75 AD2d 776), we cannot say that Nassau County or its officers will be so prejudiced by having to go to trial in adjacent Queens County that we should interfere with Special Term's exercise of discretion. Moreover, Nassau County has failed to demonstrate the substantial prejudice which would warrant striking the third-party action pursuant to CPLR 1010 (see *Musco v Conte,* 22 AD2d 121; 2 Weinstein-Korn-Miller, NY Civ Prac, par 1010.01; cf. *Falk v Palm Beach Home for Adults,* 71 AD2d 963; *Vita Food Prods. v Epstein & Sons,* 52 AD2d 522). Titone, J. P., Lazer, Thompson and Boyers, JJ., concur.