HAROLD McKENNA et al., Plaintiffs, v FRANK A. OCCHIGROSSI, Defendant and Third-Party Plaintiff. PELHAM SPLIT ROCK GOLF COURSE et al., Third-Party Defendants.

Supreme Court, Bronx County, February 16, 1989

### APPEARANCES OF COUNSEL

*William T. Ryan, P. C. (Joseph H. Perrone* of counsel), for Easy-Go-Textron Company, third-party defendant. *Keough, Keough & Corrigan* for defendant and third-party plaintiff. *Vozza & Huguenot (Frank Vozza* of counsel), for plaintiffs.

## OPINION OF THE COURT

Lewis R. Friedman, J.

The action arises from an accident which occurred while defendant was driving a golf cart at Pelham Bay Golf Course in Bronx County. Defendant belatedly commenced a third-party action against the manufacturer of the golf cart, Easy-Go-Textron Company (Easy-Go), and the golf course. (Discovery had been completed and a statement of readiness and note of issue were filed.) Easy-Go, which is a Georgia corporation, seeks to change venue to Westchester County on the ground that venue in The Bronx is not "proper" (CPLR 511 [b]). The motion presents the question, not addressed in the reported cases, of the rights of a third-party defendant to challenge whether venue is "proper".

It has long been the law in New York that a plaintiff may choose venue without fear of creating a jurisdictional defect *(Phillips v Tietjen,* 108 App Div 9). "Notwithstanding any provision of this article, the place of trial of an action shall be in the county designated by the plaintiff" unless changed by court order or consent (CPLR 509). Thus, plaintiffs need not comply with the venue statutes (CPLR 503-508). In the absence of a motion, a plaintiff's choice of any venue, even if "improper", will be dispositive.

Venue in this case is clearly "improper". In the absence of unusual conditions, venue must be in the county of residence of one of the parties (CPLR 503 [a]). Both plaintiffs and the defendant reside in Westchester County. Plaintiffs, however, placed venue in Bronx County based on the site of the accident. Although there are aberrational cases that have apparently found venue proper based on the situs of the incident alone *(Varone v Memoli,* 121 AD2d 213), nearly every other case finds venue proper only if the residence rules are complied with.

The court may grant a motion to change venue where "the county * * * is not a proper county" (CPLR 510 [1]), an impartial jury may not be had, or the convenience of witnesses and the ends of justice are served by a transfer (CPLR 510 [2], [3]). A change of venue is usually a matter addressed to the discretion of the trial court *(Risoli v Long Is. Light. Co.,* 138 AD2d 316, 318; *Wecht v Glen Distribs. Co.,* 112 AD2d 891, 892).

However, a change of venue must be granted "as a matter of right", if the motion alleges that the venue selected by

plaintiff is "improper" and the movant follows the statutory procedures and the time schedule of CPLR 511 (a) and (b) *(Preisler v Velasquez,* 65 Misc 2d 703; *McCarthy v Andrews,* 199 Misc 656). It is well established that failure to strictly follow the statute deprives a movant of the benefit of the mandatory aspect of the motion and leaves the case to the court's discretion based on all of the factors in the case *(Beardsley v Wyoming County Community Hosp.,* 42 AD2d 821; *O'Shaugnessy v Marchese,* 60 AD2d 882; *Preisler v Velasquez, supra; Houck v Lasher,* 17 How Prac 520, 522 [Sup Ct, Gen Term 1859]).

Plaintiffs contend, as a threshold question, that the motion is untimely. Easy-Go served its "demand" for a change of venue with the answer, as required by CPLR 511 (a). Unless the plaintiff consents to the change within five days, a motion for change of venue alleging "improper" venue must be served "within fifteen days after service of the demand" (CPLR 511 [b]). Plaintiff argues that the motion was late since it was "received" after the answer. A motion is "made" when the notice of motion is served (CPLR 2211). In nearly all cases, a motion grounded on "improper" venue will be received after the answer, since the plaintiff's time to consent should expire before the motion is made. This motion is timely; the court must, therefore, reach its merits.

The motion must be denied. Once venue is selected by the plaintiff and the time for the defendant to challenge the propriety of that choice has passed, venue of the action has become "proper" for all purposes (CPLR 509), subject only to a proper motion addressed to the discretion of the court on grounds such as the convenience of witnesses. A contrary result encourages defendants who had failed to make a timely demand for a change of venue as of right, to wait and belatedly add third parties to overcome the procedural flaw.

Clearly, it was the legislative intent to require that "improper" venue be raised at the time of the original answer. The short time limit insures that all proceedings, including discovery and trial, be resolved in the proper forum. Indeed, it is well-established legislative policy that all venue decisions be made at the earliest time, "within a reasonable time after commencement of the action" (CPLR 511 [a]; *see, Schneeweiss v Pelkey,* 138 AD2d 271, 273; *Micale v Jones,* 96 AD2d 791). The statute does not permit the conclusion that the Legislature intended the action to be changed as of right long after all pretrial proceedings were completed. There is no statutory

time limit for commencing third-party actions. While the third-party action may, technically, be timely, it is inconsistent with the purpose and timetable in CPLR 511 to permit the belated transfer of the action at the behest of a third party.

In an analogous area the Court of Appeals has found that "there are cogent reasons to refuse to apply [12 USC § 94 which permits dismissal of an action against a national bank if it is brought in the wrong county] to third-party actions" *(Lazarow, Rettig & Sundel v Castle Capital Corp.,* 49 NY2d 508, 512). The court noted that the defendant, who commences the third-party action, has not chosen where the action was commenced and should not be bound by rules requiring suit elsewhere *(see, Jones v Kreminski,* 404 F Supp 667, 668-669). Similarly, there is the strong policy expressed in the third-party practice provisions of Federal Rules of Civil Procedure, rule 14 (a) and CPLR 1007 that all matters arising out of one incident be resolved in one action. Thus, third parties should not be heard to challenge the propriety of venue *(Odette v Shearson, Hammill & Co.,* 394 F Supp 946, 951; *cf., Morrell v United Air Lines Transp. Corp.,* 29 F Supp 757, 759). The decision to apply the Federal "venue" restriction, applicable only to national banks, was made reluctantly; the Supreme Court had expressed the strong view that the statute is "mandatory" and must be applied literally *(Lazarow, Rettig & Sundel v Castle Capital Corp., supra,* 49 NY2d, at 513). In New York jurisprudence there is no "mandatory" aspect to the venue provisions based on residence. Indeed, CPLR 509, which validates the plaintiff's choice of venue, appears to reach the directly opposite result.

Further, a reading of the statute buttresses this conclusion. A motion to change venue must be served by a "defendant" (CPLR 511 [b]). CPLR 1008 gives a third-party defendant "the rights of a party adverse to the other parties in the action, including the right to counter-claim, cross-claim and appeal." There is nothing in the legislative history of that rule, or the cases, which supports a conclusion that a third-party defendant is, for all purposes, a "defendant". If the Legislature had intended to have venue changed "as of right" on application of parties added later, it could easily have so specified *(see,* CPLR 1007-1011).

Of course, a belatedly added party has the right to seek a discretionary transfer *(see, Perer v Consolidated Edison Co.,* 93 AD2d 833; *Champlain Creameries v Hovey, Stanter & Co.,* 141

NYS2d 271). In the case at bar, venue will not be changed in the exercise of discretion; in the present state of the case, venue of the action belongs here. The cause of action arose in Bronx County, a factor which strongly supports venue here. Absent compelling reasons to direct otherwise, venue of a transitory cause of action should be in the county where the cause of action arose *(German v Swendsen,* 112 AD2d 139; *Mayer v Fleischner,* 92 AD2d 463). Additionally, the nonmoving third-party defendant, the golf course, is located here. Thus, at least one party to the entire action is in Bronx County.

Further, Easy-Go or the other third-party defendant may well move to sever the third-party action; the main action is on the Trial Calendar and additional discovery on the products liability aspect of the case appears to be involved *(see,* CPLR 1010).

The motion is denied.