■ Jo ANN HOLMES, as Executrix of MICHAEL C. H. HOLMES, Deceased, Respondent, v GREENLIFE LANDSCAPING, INC., Defendant and Third-Party Plaintiff-Respondent, et al., Defendants. RON KRAWIECKI, Doing Business as R.K. ELECTRIC, Third-Party Defendant, and CITY OF GLENS FALLS, Third-Party Defendant-Appellant.—Mercure, J. Appeal from an order of the Supreme Court (Lynch, J.), entered July 6, 1990 in Schenectady County, which denied a motion by third-party defendant City of Glens Falls for a change of venue.

Plaintiff commenced this action to recover for the conscious pain and suffering and wrongful death of her husband, who was accidentally electrocuted in the course of his employment as an electrician. Plaintiff designated Schenectady County as the place of trial based upon the residence of defendant Greenlife Landscaping, Inc. Greenlife Landscaping brought a third-party action and third-party defendant City of Glens Falls, decedent's employer, thereafter demanded and then moved pursuant to CPLR 511 (a) and (b) for a change of venue upon the ground that CPLR 504 (2) mandates venue of the action in Warren County. Greenlife Landscaping and plaintiff opposed the motion. Supreme Court denied the motion and the City appeals.

There should be an affirmance. Contrary to the City's analysis, bringing in a municipality as a third-party defendant does not render improper *(see,* CPLR 510 [1]) venue previously designated in a county other than the one in which the municipality is situated *(see, Messinger v Festa,* 94 AD2d 792; *Perer v Consolidated Edison Co.,* 93 AD2d 833; *McKenna v Occhigrossi,* 142 Misc 2d 693, 696; McLaughlin, 1989 Supp

Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C510:1 [1991 Pocket Part], at 23). Rather, the municipality's sole recourse is to seek a discretionary change of venue under CPLR 510 (2) or (3) *(see, supra)*. Here, the motion is supported only by an attorney's affidavit which supplies no basis for a finding that an impartial trial cannot be had in Schenectady County *(see,* CPLR 510 [2]) or that the convenience of material witnesses and the ends of justice will be promoted by the change *(see,* CPLR 510 [3]). Notably, the City has not supplied the names, addresses and occupations of the witnesses whose convenience it claims will be affected, indicated that the prospective witnesses have been contacted and are willing to testify on its behalf, specified the substance of each witness's testimony, or made a showing that such testimony is necessary and material *(see, Stoyer v Feeney,* 165 AD2d 946; *Andros v Roderick,* 162 AD2d 813). Even accepting, as we do, that the impleader of a municipality is a factor favoring a change of venue to the county in which the municipality is situated, so as to minimize governmental inconvenience, in view of the close proximity of Warren and Schenectady Counties and the City's failure to establish any other circumstances persuasively mitigating in favor of a change of venue, we cannot say that Supreme Court abused its discretion in denying the motion.

Order affirmed, with one bill of costs. Mahoney, P. J., Casey, Mikoll, Levine and Mercure, JJ., concur.