■ RITA ORTIZ, Appellant, v BROADWAY MANAGEMENT CO., INC., et al., Respondents. (And Two Third-Party Actions.)— Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered January 27, 1991, which, *inter alia*, granted the cross-motion of third-party defendant, the City of New York, for a change of venue of this action from Bronx County to New York County, pursuant to CPLR 504 (3) and 510 (3), unanimously reversed, on the law, the facts and in the exercise of discretion, insofar as appealed from, and the cross-motion is denied, without costs.

Plaintiff, a Bronx County resident, commenced this action in June of 1988 to recover for injuries allegedly sustained when she slipped and fell in the hallway on the 6th floor of 110 Church Street. Venue was based upon plaintiff's residence in Bronx County. In October 1988, defendant Broadway Management Co., the managing agent for the subject premises, commenced a third-party action against the City of New York, the lessee of the premises where the accident was alleged to have occurred. Issue was joined on the third party complaint in November 1988. Thereafter counsel for third-party defendant City participated in at least two preliminary conferences and entered into a stipulation with respect to the conduct of discovery in the action. The City's cross-motion seeking a change of venue from Bronx County to New York County, was made in 1991 in response to plaintiff's motion for an order striking the City's answer on the ground that the City had failed to comply with prior court orders concerning the completion of a deposition of one of the City's witnesses.

While CPLR 504 (3) provides that the place of trial of an action against the City of New York "shall be * * * the county within the city in which the cause of action arose",

impleading a municipality does not render improper venue previously placed in a proper county *(see, Holmes v Greenlife Landscaping,* 171 AD2d 916). The county in which the plaintiff resided at the commencement of the action, Bronx County, was a proper venue for the trial of this action (CPLR 503 [a]). The City failed to make a timely statutory demand for a change of venue (CPLR 511 [a]) and was therefore foreclosed from obtaining a change of venue pursuant to CPLR 504; the issue then became committed to the discretion of the trial court *(Losicco v Gardner's Vil.,* 97 AD2d 535). We find that under the circumstances herein the trial court abused its discretion in granting the cross-motion. On its cross-motion the City failed to adequately demonstrate how the prospective witnesses would be inconvenienced by traveling to Bronx County *(cf., Holmes v Greenlife Landscaping, supra).* Furthermore, even though the action was not yet at the trial stage when the cross-motion was made, the City waited over two and a half years and participated fully in discovery before moving for the change of venue. It then failed to offer any excuse for the delay *(see, Hillegass v Duffy,* 104 AD2d 969). Concur—Milonas, J. P., Ellerin, Ross, Asch and Kassal, JJ.