■ Thomas Murphy et al., Appellants, v Long Island Rail Road, Defendant and Third-Party Plaintiff, et al., Defendants. Town of Huntington, Third-Party Defendant-Respondent, et al., Third-Party Defendant. [657 NYS2d 206] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Lane, J.), entered March 14, 1996, which granted the motion of the third-party defendant Town of Huntington for a transfer of venue from Queens County to Suffolk County pursuant to CPLR 504 and 510.

Ordered that the order is reversed, on the law, with costs, and the motion to change venue from Queens County to Suffolk County is denied.

Impleading a municipality as a third-party defendant does not render improper venue previously designated in a proper county other than the one in which the municipality is situated (see, Holmes v Greenlife Landscaping, 171 AD2d 916; Vigliotti v Executive Land Corp., 183 AD2d 710). Rather, the municipality's sole recourse is to seek a discretionary change of venue under CPLR 510 (2) or (3) (see, Holmes v Greenlife Landscaping, supra). Here, the third-party defendant Town of Huntington failed to demonstrate how its potential witnesses would in fact be inconvenienced if a change of venue were not granted and thus has failed to establish entitlement to relief pursuant to CPLR 510 (3) (see, O'Brien v Vassar Bros. Hosp., 207 AD2d 169, 173). Bracken, J. P., O'Brien, Santucci, Friedmann and Goldstein, JJ., concur.