FIRST DEPARTMENT, APRIL, 1999

(April 1, 1999)

■ BENJAMIN SANCHEZ et al., Appellants, v PROJECT ADVEN-
TURE, INC., Respondent and Third-Party Plaintiff-Respondent.
BEDFORD CENTRAL SCHOOL DISTRICT et al., Third-Party
Defendants-Respondents. [687 NYS2d 359] —Order, Supreme
Court, Bronx County (Jerry Crispino, J.), entered July 23, 1997,
which, *inter alia*, granted the cross motion of third-party
defendants Bedford Central School District and Iona Prepara-
tory School to transfer venue to Westchester County and denied
plaintiffs' cross motion to retain venue in the Bronx, unani-
mously reversed, on the law, the facts and in the exercise of
discretion, without costs or disbursements, the cross motion by
third-party defendants denied and plaintiffs' cross motion to
retain venue in the Bronx granted.

Plaintiff, a 15-year old high school student at Iona Prepara-
tory School, a private school located in Westchester County,
went on a field trip to the Bedford Challenge Course located at
the Fox Lane Middle School in the Bedford Central School
District where his class participated in bungee-jumping
exercises. Plaintiff was watching the activities when an
automatic brake line of a bungee cord snapped and struck him
in the right eye, blinding him in that eye. Plaintiff brought this
action against the manufacturer of the automatic brake line,
Project Adventure, Inc., alleging causes of action in negligence
and strict products liability. Since defendant is a Mas-
sachusetts corporation, the action was venued in Bronx County
based upon the residence of the infant plaintiff.

Thereafter, defendant commenced the third-party action
against the school district and Iona, alleging negligence on the
part of the school district in the supervision, control, mainte-
nance, service and repair of the brake line and negligence on
the part of Iona in the supervision, control and care of the
plaintiff.

The IAS Court found that third-party defendants had made an adequate showing to justify change of venue. However, we find that the grant of the school district's motion for a change of venue was an improvident exercise of the IAS Court's discretion. Thus, the nisi prius court erroneously concluded that the school district had an absolute right to have the case brought in the venue of its location pursuant to CPLR 504. Since the school district was *impleaded* into the action, plaintiff did not have to demonstrate that venue was proper; rather the burden was on the school district to show that it was entitled to a discretionary change of venue pursuant to CPLR 510 (2) or (3). The school district failed to demonstrate that *non-party* witnesses would be inconvenienced since it relied solely on the affidavits of employees whose convenience is entitled to little weight.

CPLR 504 provides, *inter alia*, that an action against a school district must be venued in the county in which the district is located. However, although this section is couched in mandatory terms, a party may cross-move to retain venue in a county other than that in which the governmental entity is located. On such a cross motion to retain venue, the court has discretionary powers pursuant to the criteria stated in CPLR 510 (3) and "[t]his discretion has been exercised when the convenience of witnesses would outweigh the purpose of CPLR 504" (*Ruiz v City of New York*, 195 AD2d 327, 328).

As was noted by the Appellate Division in the Third Department with regard to venue in an action involving a municipality: "Contrary to the City's analysis, bringing in a municipality as a third-party defendant does not render improper (*see*, CPLR 510 [1]) venue previously designated in a county other than the one in which the municipality is situated (*see*, *Messinger v Festa*, 94 AD2d 792; *Perer v Consolidated Edison Co.*, 93 AD2d 833; *McKenna v Occhigrossi*, 142 Misc 2d 693, 696; McLaughlin, 1989 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C:510:1 [1991 Pocket Part], at 23). Rather, the municipality's sole recourse is to seek a discretionary change of venue under CPLR 510 (2) or (3) (*see*, *supra*)" (*Holmes v Greenlife Landscaping*, 171 AD2d 916, 916-917).

This holding has been cited with approval and followed in this Department (*Ortiz v Broadway Mgt. Co.*, 188 AD2d 401) and in the Second Department (*Murphy v Long Is. R. R.*, 239 AD2d 472).

The only affidavits submitted by the school district on the motion at the IAS Court were executed by three of its own employees. Thus, the school district made no prima facie showing

of any entitlement to a transfer of venue to Westchester (*see*, *O'Brien v Vassar Bros. Hosp.*, 207 AD2d 169, 170). Since there was no showing to warrant a transfer of venue to Westchester, the IAS Court should have denied that application and retained venue in the Bronx. Concur—Ellerin, P. J., Nardelli, Rubin and Saxe, JJ.