OPINION OF THE COURT
Leonard B. Austin, J.
In this postjudgment proceeding, plaintiff seeks to have the *422 infant children of the parties, Stacey Lee, born on June 22, 1987, and Steven Garret, born on August 28, 1990, returned to her. Since the time of the underlying application for change of custody, this court has engaged in numerous conferences with counsel and the parties, seeking a way to resolve the competing custody issues. In addition, the court has conducted two extensive in camera interviews with the children.
After all efforts to resolve this matter have apparently failed, it is clear that a hearing will be necessary. With the end of the year fast approaching, such hearing will not be held until January or February 2000. While that, in and of itself, is not a problem, the fact that the undersigned Justice is being reassigned from Suffolk County to Nassau County means that the Justice assigned to this Part will be compelled to conduct a further in camera interview with the children and learn the nuances of this case. Returning the children to court, yet again, is onerous to them and should be unnecessary. (See, Rosenblitt v Rosenblitt, 107 AD2d 292 [2d Dept 1985].). Plaintiff argues that there is no statutory predicate for granting this motion. She argues that CPLR 510 (3) and 512 afford no basis to change venue or the place of trial. Further, she argues that the motion is untimely under CPLR 511 (a). This court disagrees.
First, the motion is timely in the context of the reassignment of the undersigned. Upon confirmation of the reassignment, the motion was promptly made. The motion is timely even if no earlier demand to change venue had been made. (See, Long Is. R. R. Co. v United Transp. Union, 103 Misc 2d 220 [Sup Ct, Queens County 1980] [even if the application for a change of venue is not made of right, it remains within the court’s discretion].) Under the circumstances presented, the application cannot be viewed as untimely.
Plaintiff also argues that, in his motion to change venue under CPLR 510 (3), defendant has failed to meet his burden by establishing that the proposed change is for the convenience of material witnesses and that the ends of justice are promoted. To the contrary, defendant has met both burdens. In this custody matter, it is difficult to imagine that there are two more material witnesses than Stacey and Steven, the custody of whom is to be determined. In the in camera interviews with them, it was clear that they were uncomfortable with, and resistant to, returning to court for a second meeting. The “convenience of material witnesses” standard, as disclosed in all reported cases reviewed by this court, is measured by the *423 distance of the designated county to the proposed county. However, the Legislature never stated in CPLR 510 (3) that the sole criterion for considering a change of venue is distance. This section is clear and unambiguous so as to afford application of its intent without judicial limitation. (McKinney’s Cons Laws of NY, Book 1, Statutes §§ 76, 114.) No geographic limitation is set forth in CPLR 510 (3). The crux of the analysis adopted by the courts in addressing motions made to change venue in cases involving a transitory cause of action is where the material witnesses reside. If it is a substantial distance from the courthouse of the county in which such matter is venued, the motion is generally granted.
Here, a very different factual circumstance is presented which compels a reading of CPLR 510 (3)’s “convenience of material witnesses” to include the best interest of the children who are the subject of the court’s inquiry. “Convenience” can and should be read to include consideration of avoiding the further, redundant testimony of material witnesses as it does calculating traveling distance and time. For Stacey and Steven, any distance including the Supreme Court in Central Is-lip, where they previously appeared, is too far. The court believes that the convenience of the children in avoiding a third court appearance with a new Judge is as compelling as any other consideration.
The phrase “convenience of material witnesses” cannot be defined solely by physical distance. “Convenience” read in tandem, and consistent with, the “ends of justice,” allows such a conclusion (CPLR 510 [3]). In this case, the best interests of the children are synonymous with and promote the ends of justice by a speedy resolution of this matter and the avoidance of further involvement of the children who unfortunately became engulfed in their parents’ legal dispute. Thus, the elements of CPLR 510 (3) are very much met here.
Finally, defendant’s argument that venue cannot be changed pursuant to CPLR 512 is also incorrect. Unlike CPLR 510 which requires a change of venue to be by motion rather than the court sua sponte changing venue (see, Nixon v Federated Dept. Stores, 170 AD2d 659 [2d Dept 1991]), CPLR 512 carries no such legislated procedural precedent to the court’s exercise of discretion. The court could order a change of venue, even if no motion were made. However, with the present motion and for the foregoing reasons, the motion should be granted pursuant to CPLR 512 so that the hearing herein can be held before the undersigned in Nassau County while it remains a Suffolk County case.
*424 In the best interests of the children, it is ordered that the motion is granted to the extent that the trial of this matter shall be held in Nassau County.