Clare J. Hoyt, J.
This personal injury action was commenced by delivery of the summonses to the Sheriff of the county of defendants’ residence on October 11,1965 and personal service of those summonses by the Sheriff within 60 days thereafter. This procedure is authorized by CPLR 203 (subd. [b]) and service was completed on October 11, 1965.
. There is a dispute as to when the cause of action accrued. Defendants state that it was October 11, 1962. Even if they are correct, service on October 11,1965 commenced the action within the three-year Statute of Limitations (CPLR 214, subd. 5) because of the method of computing time mandated by section 20 of the General Construction Law.
Plaintiff’s motion for an order dismissing defendants’ affirmative defense of the Statute of Limitations is thus granted.
Defendants have cross-moved for an order dismissing plaintiff’s second cause of action seeking damages for medical bills paid by him, the plaintiff, for the treatment of injuries allegedly sustained by his wife as a result of the negligence of defendants. The wife is not a party plaintiff and defendants argue that since the husband’s cause of action for her medicals is derivative in *596 nature it cannot stand without an underlying action by the wife of her injuries.
Indeed the husband’s cause of action is derivative in the sense that it derives from the marriage relationship which obliges him to provide necessary medicals for his wife. Moreover, the husband cannot recover from a third party for payments made or to be made on account of such medicals unless the need for them arose from the tortious conduct of the third party toward the wife (Garrison v. Sun Print, & Pub. Assn., 207 N. Y. 1, 4). Although the husband’s cause of action derives from a right of action accrued to the wife, it is not nullified by the failure of the wife to pursue her right of action by suit. Where the plaintiff husband is liable for his wife’s medical expenses and where the wife has a right of action against the third party, plaintiff may bring an action to recover these expenses even though no suit is brought by the wife. The cross motion is denied.