In the Matter of MICHAEL NEWLER et al., Appellants, v ROBERT ABRAMS, as Attorney-General of the State of New York, Respondent. (And A Related Action.)

Third Department, December 6, 1990

### APPEARANCES OF COUNSEL

*Loren I. Glassman* for appellants.

*Robert Abrams, Attorney-General (Andrew Weltchek* and *Gary R. Connor* of counsel), respondent *pro se.*

*Barry A. Kamen, P. C.,* for Richard Schlesinger and others, respondents.

### OPINION OF THE COURT

LEVINE, J.

On March 16, 1983, Richard Schlesinger submitted an offering plan to respondent for filing pursuant to the provisions of General Business Law article 23-A (hereinafter the Martin Act), to convert a 106-unit apartment building in the Town of Hempstead, Nassau County, into condominiums. The plan, which was an eviction plan, was accepted for filing by respondent on January 10, 1984. Schlesinger filed several amendments to the plan, the third of which, filed March 4, 1985, declared the plan effective, based upon a certification that the requisite percentage of tenants in occupancy had subscribed to purchase their units. The plan provided that, once effective, it could not be abandoned unless, *inter alia,* there were defects in title or code violations not curable by an expenditure of less than $50,000.

Schlesinger thereafter became involved in a dispute with the Nassau County Planning Commission, in which that agency refused to permit the conversion to go forward unless Schlesinger processed the project as a subdivision development. In communications with respondent's office, Schlesinger claimed that complying with the Planning Commission's demand would entail the expenditure of at least $50,000 and proposed to avoid compliance by amending the plan to change

it from a condominium to a cooperative ownership conversion. Respondent's office suggested, as an alternative, that the plan to convert the building to condominiums be abandoned and revived a year later in the form of a plan for conversion to cooperative ownership. Schlesinger then filed a form "RS-3" with respondent signifying the abandonment of the project. He then sent notice to that effect to the subscribing tenants with assurance that their deposits would be promptly refunded. Although the notice discussed a later revival of the plan as a conversion to cooperative ownership, it specifically disclaimed any binding commitment to that effect. Respondent accepted the abandonment form for filing, subject to rescission if there was a failure to submit an architect's verification that an expenditure of at least $50,000 would have been required to comply with the Planning Commission's requirements.

In early March 1986, after receiving Schlesinger's notice of abandonment, 63 tenants who had by then subscribed to purchase their units at insider prices brought suit in Supreme Court, Nassau County, against Schlesinger, the owner of the building, and respondent to enjoin the abandonment and for money damages. Some three weeks later, petitioners entered into a one-year lease for an apartment in the building. Following the expiration of the term of the lease, they have continued to occupy the apartment as month-to-month tenants. Petitioners were never made a party to the subscribing tenants' Supreme Court action. That action was subsequently settled by a stipulation, incorporated in a court order, which provided that Schlesinger would submit for filing a new amendment to the plan changing it from a condominium conversion to one for cooperative ownership, that respondent would accept said amendment for filing under the effective date of the original offering (provided that the amendment otherwise complied with all statutory disclosure requirements) and that only the plaintiffs in that action, as subscribing tenants under the original offering, would be entitled to an insider's price.

In conformity with the stipulation, respondent accepted Schlesinger's amendment offering purchases of cooperative shares in the building with an effective date of March 4, 1985. Petitioners then commenced in Supreme Court, Albany County, the instant CPLR article 78 proceeding challenging respondent's acceptance of the amended cooperative conversion offering plan and the instant action against Schlesinger, the owner of the building, several related companies and

respondent, seeking to prevent the acceptance and implementation of the offering plan or, in the alternative, to enjoin the sale of shares in their apartment and monetary damages for alleged misrepresentations made when they entered into their lease concerning their right to participate in a future conversion plan as insiders. Defendants in the action, other than respondent, but including Schlesinger, moved to change venue to Nassau County and respondent cross-moved to dismiss both the CPLR article 78 proceeding and the action against him. Supreme Court granted the motion for a change of venue of the action to Nassau County and dismissed the CPLR article 78 proceeding. This appeal solely by petitioners followed.

As to petitioners' appeal from the dismissal of their CPLR article 78 proceeding against respondent, there should be an affirmance. The Martin Act has been authoritatively characterized as a disclosure statute, not an omnibus enforcement statute (see, Council for Owner Occupied Hous. v Abrams, 72 NY2d 553, 557). Respondent's mandatory role under the Martin Act with respect to the filing of real estate conversion offering plans is to see to it that the informational purposes of the statute are met; if the disclosure in a submitted plan is adequate, respondent must accept the plan for filing, and if not, he must identify the deficiencies (see, supra; see also, Matter of Greenthal & Co. v Lefkowitz, 32 NY2d 457, 462; Matter of Gonkjur Assocs. v Abrams, 82 AD2d 683, 688, affd 57 NY2d 853). The standard for review of respondent's acceptance of a plan or an amendment thereto for filing is whether the action was arbitrary or capricious (see, Apfelberg v East 56th Plaza, 78 AD2d 606, 607, appeal dismissed 54 NY2d 680).

Here, petitioners do not allege that the contents of the challenged amendment to the original offering plan failed to meet the disclosure requirements of the Martin Act, or that they were misled in any way by the representations contained therein. Indeed, the focus of their attack is on the fact that the amendment incorporated the effective date of the original condominium offering, which results in denying them the right to an insider's price for the purchase of their apartment and allegedly deprives them of the protection afforded nonpurchasing tenants, under Local Laws, 1982, No. 100 of the Town of Hempstead chapter 100, against eviction until two years after a conversion plan becomes effective.

Petitioners have failed to show that acceptance of the amendment in question by respondent was arbitrary and

capricious. Since the amendment apparently met the statutory disclosure requirements, respondent's acceptance of it was mandated by the stipulation of settlement in the earlier tenants' action seeking to enforce the original plan of conversion to condominiums. It is highly questionable whether petitioners can obtain judicial review of respondent's acts in entering into that stipulation of settlement *(see, People v Bunge Corp.,* 25 NY2d 91, 98-99). But in any event, the terms of the stipulation appear to represent a fair accommodation of the respective rights and equities of the subscribing tenants, the owners and Schlesinger arising out of the original condominium offering plan. Hence, it was not unreasonable for respondent to enter into the stipulation and then to implement it in conformity with his obligations thereunder. As to the perpetuation of the effective date of the original offering plan in the amendment, the regulations provide that amendments are deemed to be part of the offering plan and not a new offering *(see,* 13 NYCRR 17.5 [a]). Thus, again, acceptance of the amendment containing the original effective date has a rational basis. Consequently, Supreme Court's dismissal of the CPLR article 78 proceeding should be affirmed.

We reach a different conclusion with respect to the transfer of venue of petitioner's still extant plenary action. We agree with the holding in *Suddin v Lynbrook Gardens Co.* (127 Misc 2d 406) that an action with respect to the sale of shares in a cooperative apartment is not within the scope of CPLR 507 so as to mandate venue for the suit in the county where the underlying real property is situated. The action here is, thus, a transitory one and, in view of the relief sought against respondent, was properly venued in Albany County *(see,* CPLR 6311 [1]; *Bull v Stichman,* 189 Misc 590).

WEISS, J. P., MIKOLL, MERCURE and HARVEY, JJ., concur.

Judgment modified, on the law, without costs, by reversing so much thereof as granted the cross motion changing venue of respondent's action to Nassau County; cross motion denied; and, as so modified, affirmed.