■ MARY CHRISTIE, Respondent, v JOHN WANAMAKER PHILADELPHIA, WOODWARD & LOTHROP, INC., Doing Business as JOHN WANAMAKER & SON, Defendant, and ARMOR ELEVATOR COMPANY, INC., Appellant.—Order, Supreme Court, Bronx County (Alan J. Saks, J.), entered December 4, 1990, which, *inter alia,* denied defendant's motion for a change of venue from Bronx County to Westchester County, unanimously affirmed, with costs.

Venue was properly placed in Bronx County based on the residence of plaintiff. *(Coles v LaGuardia Med. Group,* 161 AD2d 166.) Defendant Armor Elevator Company relied on the situs of the alleged tort action, the medical offices of plaintiff's two treating physicians and the residence of a potential witness to support its application for a discretionary change of venue (CPLR 510 [3]).

This Court has repeatedly stated that a motion for a change of venue based on the convenience of material witnesses must be supported by a statement which specifies the witnesses affected, the nature of their testimony, and the inconvenience that the witnesses would sustain if required to testify in the county of original venue. *(Coles v LaGuardia Med. Group, supra,* at 167; *Moghazeh v Valdes-Rodriguez,* 151 AD2d 428, 429; *Firoozan v Key Food Supermarket,* 151 AD2d 334.) The attorney's affirmation submitted below was insufficient for this purpose. Concur—Carro, J. P., Ellerin, Asch and Rubin, JJ.