■ INCORPORATED VILLAGE OF FREEPORT, Plaintiff, v MILTON SANDERS et al., Defendants and Third-Party Plaintiffs-Appellants. KRESSNER & SCHULMAN et al., Third-Party Defendants-Respondents. [596 NYS2d 722] —In an action to recover medical expenses paid to the third-party defendant Craig Bell, the defendants third-party plaintiffs appeal, as limited by their brief, from (1) an order of the Supreme Court, Nassau County (Burstein, J.), dated November 20, 1990, which denied their motion for summary judgment on the third-party complaint seeking indemnification from the third-party defendants in connection with the defendants third-party plaintiffs' settlement of the underlying action with the plaintiff, and (2) an order of the same court, entered April 16, 1991, which denied their motion, denominated as a motion for renewal, which was in actuality a motion for reargument.

Ordered that the order dated November 20, 1990, is affirmed; and it is further,

Ordered that the appeal from the order entered April 16, 1991, is dismissed; and it is further,

Ordered that the respondents are awarded one bill of costs.

It is well settled that a party moving for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, offering sufficient evidence to demonstrate the absence of any material issues of fact *(see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853; *Zuckerman v City of New York,* 49 NY2d 557, 562). In this case, the court properly denied the defendants third-party plaintiffs' original motion for summary judgment on their indemnification claim against the third-party defendants since they failed to make a prima facie showing that the amount paid to the plaintiff in settlement of the underlying action was reasonable *(see, Feuer v Menkes Feuer, Inc.,* 8 AD2d 294).

The defendants third-party plaintiffs' motion, denominated as a motion for renewal, was, in actuality, a motion for reargument, since they failed to offer a reasonable excuse for their failure to submit the additional facts alleged on the original motion *(see, Caffee v Arnold,* 104 AD2d 352; *see also, Weisse v Kamhi,* 129 AD2d 698). Thus, the appeal from that order must be dismissed. In any event, the papers submitted in support of the motion for reargument failed to establish that the settlement of the underlying claim was reasonable. Mangano, P. J., Bracken, Lawrence and O'Brien, JJ., concur.