■ FELIX McELROY, Respondent, v ANTHONY GUIDA, Appellant, et al., Defendant. [602 NYS2d 63] —In a medical malpractice action, the defendant Anthony Guida appeals from (1) an order of the Supreme Court, Suffolk County (Baisley, J.), entered March 27, 1991, which denied his motion for a change of venue, and (2) an order of the same court, dated September 18, 1991, which denied his motion, denominated a motion to renew, but which was, in actuality, a motion for reargument.

Ordered that the appeal from the order dated September 18, 1991, is dismissed; and it is further,

Ordered that the order entered March 27, 1991 is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The plaintiff was a resident of Bronx County and thus had the legal right to designate that county as the place for the trial of this action *(see,* CPLR 503 [b]; *McNamara v Penner,* 123 NYS2d 576). The Supreme Court therefore correctly denied so much of the appellant's original motion as was based on a claim that the county designated by the plaintiff was not proper *(see,* CPLR 510 [1]). We also agree with the Supreme Court that the appellant failed to satisfy his burden of showing that the convenience of the witnesses warranted a change of venue from Bronx County to Suffolk County *(see,* CPLR 510 [3]; *see, e.g., Ryan v Genovese Pharmacy,* 184 AD2d 628; *Levenstein v Parks,* 163 AD2d 367; *Alexandre v Pepsi-Cola Bottling Co.,* 150 AD2d 742; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C510:3). The appellant's motion, purportedly to renew, was not based on facts which were unavailable to him at the time of his original motion. Therefore, that motion was in actuality a motion for reargument. Therefore, the order denying that motion is not appealable *(see, e.g., Incorporated Vil. of Freeport v Sanders,* 192 AD2d 508). Bracken, J. P., Sullivan, Copertino and Pizzuto, JJ., concur.