■ Edward Pittman et al., Appellants, v John A. Maher

et al., Respondents. [608 NYS2d 199] —Order of the Supreme Court, Bronx County (Howard R. Silver, J.), entered August 12, 1992, which granted the motion of defendant Chrysler Corporation and the cross-motion of defendants John A. Maher and James Miller to transfer venue of this action from Bronx County to Westchester County on the ground the venue designated was improper, unanimously reversed, on the law, and the motion denied, without costs. Appeal from an order of the same court and Justice, entered February 11, 1993, which denied plaintiffs' motion to reargue (denominated a motion to renew and reargue), dismissed as nonappealable, without costs.

This action arises from an automobile accident that occurred at an intersection in Yonkers, New York on October 19, 1989. Suit was commenced in October of 1991 seeking $5 million in damages for injuries sustained by plaintiff Edward Pittman when a van driven by defendant Maher and owned by defendant Miller allegedly ran a stop sign and collided with plaintiff's Jeep. Plaintiff was thrown from the vehicle, suffering a compound comminuted fracture of the right tibia and fibula requiring several surgical procedures, including reduction by means of the insertion of Steinmann pins and the subsequent implantation of a heavy Rush rod. A New York City police officer, plaintiff missed approximately 12 months of work and was eventually placed on limited and ultimately on restricted duty. Plaintiff Carlotta Pittman seeks damages for loss of consortium.

Liability of defendant Chrysler Corporation is asserted on both breach of warranty and products liability theories, based upon the allegedly faulty design and manufacture of the doors of plaintiff's Jeep and upon the failure to warn of the defects. Liability of defendant Bestop, Inc. is predicated upon its production and sale of the soft top with which plaintiff modified his vehicle.

Venue in this matter was placed in Bronx County entirely on the basis of the residence of defendant John Maher. The police officer who responded to the scene noted Maher's address to be 4302 Kepler Avenue, Bronx, New York on his accident report. Less than two weeks later, Maher gave the same address on his own MV-104 report of the accident. Less than three weeks later, plaintiffs served the summons and complaint upon a person of suitable age and discretion at this address, and Maher's answer contains neither a jurisdictional

defense nor an objection to the manner of service. All other parties to this action reside in other counties.

In March 1992, Chrysler moved for a discretionary change of venue pursuant to CPLR 510 (3) on the grounds that the convenience of material witnesses and the ends of justice would be promoted. Chrysler argued that the Yonkers police officer who responded to the accident scene, the ambulance and emergency medical personnel, and the prior owner of the Jeep all work or reside in Westchester County. Defendant Maher then cross-moved to change venue, also based on the convenience of witnesses pursuant to CPLR 510 (3). Accompanying his application is an affidavit claiming, for the first time, that at the time of the commencement of the action he lived not in Bronx County but in Westchester, having moved there on September 1, 1989, approximately 7 weeks before the accident.

Supreme Court ruled that, because Maher's affidavit concedes residence outside Bronx County when suit was commenced, venue was improperly placed (CPLR 503 [a]) and, therefore, the court granted the motion and cross motion on this basis (CPLR 510 [1]). A subsequent motion by plaintiffs seeking to overturn this ruling was denied on the ground that plaintiffs failed to demonstrate that the court overlooked any operative fact or misconstrued any controlling principal of law.

A motion based upon either CPLR 510 (2) or (3), the ground originally moved upon, may be brought "within a reasonable time after commencement of the action" (CPLR 511 [a]). However, a demand to change venue based on the designation of an improper county (CPLR 510 [1]) "shall be served with the answer or before the answer is served" (CPLR 511 [a]) and, in the event the plaintiff refuses to consent to the change, a motion must be made "within fifteen days after service of the demand" (CPLR 511 [b]). Therefore, if Chrysler's application is treated as one to change venue because the county originally designated was improper, it is untimely under the statute.

This Court has declined to construe this statutory time requirement as merely directory (*Philogene v Fuller Auto Leasing*, 167 AD2d 178, 179; *compare, Beardsley v Wyoming County Community Hosp.*, 42 AD2d 821 [4th Dept]) and has required compliance unless it is demonstrated that the *plaintiffs* have made "misleading statements as to their actual residence" (*Berberich v York Scaffold Equip. Corp.*, 177 AD2d 451, 452; *Roman v Brereton*, 182 AD2d 556, 557; *Micale v*

*Jones,* 96 AD2d 791, 792 [Kassal, J., dissenting]). The only misleading statement is by defendant Maher, a proponent of the change of venue. No impropriety by plaintiffs has been established, and defendants' failure to comply with the time limitations imposed by the statute is fatal to their application. Furthermore, Chrysler does not allege that it made any effort to ascertain the residence of its codefendant in a timely fashion.

Chrysler nevertheless argues that waiver of its "right" to dispute the venue designation is not demonstrated because it "cannot be deemed to have waived a right it never knew existed." The statute, however, does not treat the issue of waiver. Rather, it provides a specified time during which to mount a challenge to the venue designated by plaintiff on the basis of residence alone. After that time has passed, any motion to change venue must be supported by the practical considerations that the convenience of witnesses and ends of justice will be served by the change or that an impartial trial cannot be had in the county designated (CPLR 510, 511). No provision is made for subsequent challenge to venue on the ground that it was improperly designated and, thus, the statute bestows no such right which may be subject to waiver.

Where a defendant fails to comply with the statute and makes no showing of a basis for change of venue under CPLR 510 (2) or (3), the application is committed to the court's discretion *(Callanan Indus. v Sovereign Constr. Co.,* 44 AD2d 292, 295). The discretion bestowed, however, is appropriately exercised only in certain limited situations. For instance, in *Callanan,* a change of venue was permitted to conform to a contract provision setting venue (CPLR 501) even though the Court regarded the demand for change of venue, served one day after the statutory period expired, to be untimely. Similarly, a late motion to change venue on the ground the county designated is improper will be granted if judicial policy dictates that a case be heard only in a proper county *(Reichenbach v Corn Exch. Bank Trust Co.,* 249 App Div 539, 541 [foreclosure]). And where consolidation of two actions commenced in different counties is ordered, irrespective of the service of a timely demand pursuant to CPLR 511, it is obvious that "the designated venue for one cause of action must be ignored" *(Siegel v Greenberg,* 85 AD2d 516, 517).

Where, as here, the only ground sufficient to support the change of venue is that the action was not commenced in the proper county, the grant of a motion to change venue is an improvident exercise of discretion in view of the explicit

statutory requirements, even assuming the inherent power of the court to exercise its discretion *(Du Pont v Bank of Utica,* 9 AD2d 807, 808). In *Preisler v Velasquez* (65 Misc 2d 703), a case remarkably similar to the instant matter, cited with approval in *Callanan (supra,* at 295), a motion to change venue on the ground it was improperly laid was denied where the excuse for failure to make a demand in compliance with CPLR 511 was merely that "neither the defendant nor his attorney had knowledge as to the proper address of the plaintiffs" (65 Misc 2d, *supra,* at 705).

Finally, apart from Chrysler's failure to assert good cause for the court's consideration of its untimely argument (CPLR 2214 [c]), the proffered affidavit of defendant Maher is unworthy of consideration. As the only party with a residence in Bronx County at the time the action was commenced, it is incontrovertible that venue was designated in reliance on the residence address stated on the respective accident reports. Having caused venue to be placed in an improper county in the first instance, defendant Maher will not be heard to belatedly attack that designation. Notably, Maher made no timely objection to service of process upon him at the Bronx address.

Disposition of the applications to change venue on the basis of CPLR 510 (1) was erroneous. Moreover, the ground of convenience of witnesses (CPLR 510 [3]), originally asserted, is no more compelling. Though a motion pursuant to CPLR 510 (3) is addressed to the sound discretion of the court, defendants' submissions were legally insufficient to support an exercise of that discretion *(Weisemann v Davison,* 162 AD2d 448). In response to affidavits from each of the non-party witnesses proposed to testify on plaintiff's behalf, defendants submitted only the affidavit of an attorney contradicting their statements concerning the convenience of testifying in the Bronx. Defendants submitted no affidavit as to the convenience of a medical technician who will ostensibly testify on their behalf. Instead they relied on the argument of counsel, supported only by a hearsay assertion regarding what the technician told the lawyer, which is insufficient for this purpose *(Christie v Wanamaker, Philadelphia, Woodward & Lothrop,* 172 AD2d 444).

Though the non-party witnesses reside outside Bronx County, no statement was submitted specifying how they would be inconvenienced by testifying there *(Clark v New Rochelle Hosp. Med. Ctr.,* 170 AD2d 271), and defendants therefore failed to satisfy their burden to establish that a

change of venue is appropriate *(McElroy v Guida,* 196 AD2d 859). A presumption that a witness will be inconvenienced merely because the courthouse is located in a different county is unwarranted *(see, Kurnitz v New Rochelle Hosp. Med. Ctr.,* 166 AD2d 390; *Scott v Ecker Mfg. Corp.,* 161 AD2d 347). Moreover, we note that Chrysler seeks to change venue to a contiguous county. Even where the application concerns the convenience of public officers, which is a consideration entitled to great weight, the courts have declined to find that any particular inconvenience will result from conducting trial in an adjacent county *(Losicco v Gardner's Vil.,* 97 AD2d 535). Concur—Ellerin, J. P., Asch, Rubin and Nardelli, JJ.