■ ROBERT ROSENTHAL, Appellant, v DOMINICK BOLOGNA et al., Respondents. [620 NYS2d 376] —Order, Supreme Court, Bronx County (Hansel McGee, J.), entered December 27, 1993, to the extent that it denied plaintiff's motion to strike the fifth affirmative defense of waiver of liability in the answer of defendants Olsten Corporation and Joe Manu, upheld the viability of the "Non-Guarantee of Coverage" document as sufficiently and properly worded to defeat claims based upon breach of contract and ordinary negligence while reserving for trial the claim of gross negligence, denied plaintiff's motion for summary judgment against defendants Olsten and Manu, and granted defendant Carta's motion for change of venue to Westchester County while denying plaintiff's cross motion to retain venue in Bronx County, unanimously modified, on the law, plaintiff's motion to strike the fifth affirmative defense is granted, the "Non-Guarantee of Coverage" document is

deemed void as against public policy, defendant Carta's motion for change of venue is denied, plaintiff's cross motion with respect to retention of venue is granted, and otherwise affirmed, without costs.

Plaintiff, a Westchester County resident in his early sixties, was injured on commercial premises in Port Chester which were owned by defendant Bologna and operated by defendant Carta (both Connecticut residents). After undergoing hip surgery, the wheelchair-bound plaintiff was released under doctors' orders to receive home health care services for eight hours per day, seven days per week. Plaintiff contracted for those services with defendant Olsten, a foreign corporation with offices in New York County, and was attended initially by its employee, defendant Manu. The attendant failed to show up over the first weekend, mistakenly believing that his services were required only five days per week. Forced to manage on his own in the attendant's absence, plaintiff fell while attempting to move himself from his wheelchair to his walker, and refractured his hip.

Plaintiff sued in Bronx County, the venue of Manu's residence at the time of the accident at home. Defendants Bologna and Olsten/Manu initially demanded change of venue to Westchester County (which was immediately rejected by plaintiff), and neither defendant made a formal motion thereafter for such relief. Only defendant Carta made a formal motion to change venue, without having demanded such relief in advance. Plaintiff cross-moved to retain venue in the Bronx, or alternatively, to change venue to New York County. The IAS Court transferred the case to Westchester, finding no nexus for this "transitory action" in Bronx County.

A demand for change of venue based upon designation of an improper county for trial must be made with or before service of the answer (CPLR 511 [a]), and where the plaintiff refuses the demand, the right to such relief may only be preserved by a timely motion (CPLR 511 [b]). When a motion on this ground is not diligently pursued, the granting of such relief rests within the sound discretion of the court (*Fickling v Carter*, 91 AD2d 578, 579), and will generally be denied (*Pittman v Maher*, 202 AD2d 172, 175-176). Where the motion is on other discretionary grounds, such as convenience of material witnesses (CPLR 510 [3]), the moving party bears the burden of establishing the need for change (*Jansen v Bernhang*, 149 AD2d 468, 469). Carta's motion identified only one witness—the Westchester police officer responding to the acci-

dent at the commercial premises—who might be inconvenienced by having to travel to a neighboring county for trial. Under the circumstances, the flexible rule favoring venue at the situs of a transitory accident should yield to the requirement for proving the necessity of a transfer from a properly designated and untimely challenged "neutral" venue.

Olsten's fifth affirmative defense is based upon a purported waiver of liability in which plaintiff "acknowledge[d] that Olsten has no liability with respect to hours not covered and that I retain legal responsibility for any time not covered by Olsten." In this setting, such a "Non-Guarantee of Coverage" is void as against public policy. Contractual clauses which purport to exculpate a party from liability for his own negligence are disfavored, and invite close judicial scrutiny *(Gross v Sweet,* 49 NY2d 102). Normally, such exculpatory agreements will be upheld in a purely commercial setting, or where voluntary nonessential social activities are freely engaged in by consenting parties. This aspect of the contract warrants judicial rejection here because of the State's interest in the health and welfare of its citizens, and also because of the highly dependent (and thus unequal) relationship between patient and health care provider *(Ash v New York Univ. Dental Ctr.,* 164 AD2d 366). Having entered the agreement with Olsten from a disadvantaged position, plaintiff's waiver of liability in this context must be held ineffectual. Concur—Wallach, J. P., Ross, Rubin, Nardelli and Tom, JJ.