■ Rafael Colon et al., Respondents, v Sears Roebuck and Co., Inc., et al., Appellants, et al., Defendants. [632 NYS2d 104] —Order, Supreme Court, New York County (Charles Ramos, J.), entered on or about December 23, 1994, which denied defendants-appellants' motion to change the venue of the action to Richmond County pursuant to CPLR 510 (3), and order, same court and Justice, entered on or about May 4, 1995, which, *inter alia*, denied defendants' motion to renew and adhered to its original determination, unanimously affirmed, with costs.

The IAS Court properly concluded that appellants had failed to sustain their burden of showing entitlement to a discretionary change of venue pursuant to CPLR 510 (3) (*see, Rosenthal v Bologna*, 211 AD2d 436, 437). One of the police witnesses who had appeared on the scene after the infant plaintiff's accident declined to submit an affidavit which stated that she would be willing to testify on defendants' behalf. The other, who later conducted an investigation, was a retired detective. The weight ordinarily accorded to the convenience of public officers because they should not be kept from their duties unnecessarily (*see, Chimirri v Evergreen Am. Corp.*, 211 AD2d 743, 744) was therefore not applicable to this prospective witness. The retired detective's assertion that he would be inconvenienced by having to travel from his residence in Staten Island, which was similar to defense counsel's assertion with respect to two witnesses who would likely be flying in from their homes in Florida, was not sufficient to warrant the requested relief (*cf., Prado v Walsh-Atkinson Co.*, 212 AD2d 489; *Pittman v Maher*, 202 AD2d 172, 177). Concur—Rosenberger, J. P., Ellerin, Wallach and Tom, JJ.

■ In the Matter of Sheldon J. Kravitz, a Disbarred Attorney. [632 NYS2d 960] —Motion for reinstatement denied. No opinion. Concur—Murphy, P. J., Sullivan, Rosenberger, Ross and Williams, JJ.

■ In the Matter of Robert Florsheim, a Disbarred Attorney. [632 NYS2d 960] —Application for reinstatement granted only insofar as to refer this matter to the Departmental Disciplinary Committee for a hearing as indicated. No opinion. Concur—Murphy, P. J., Sullivan, Kupferman, Ross and Mazzarelli, JJ.