(April 23, 1998)

■ DHARAMPAL SINGH, Appellant, v ROBERT A. BECHER et al., Respondents. [672 NYS2d 60] —Order, Supreme Court, New York County (Carol Arber, J.), entered February 28, 1997, which granted defendants' cross motion for change of venue, unanimously reversed, on the law, with costs, the cross motion denied and the matter remanded for further proceedings.

In this action, which sought, *inter alia*, to impose a constructive trust on the assignment of a mortgage on real property situated in Schenectady County, the motion court erroneously changed venue from New York County to Schenectady County. Defendants' motion to change venue pursuant to CPLR 510 (1) was untimely. A demand to change venue based on the designation of an improper county is required to be served with the answer or before the answer is served (CPLR 511 [a]; *see also, Pittman v Maher*, 202 AD2d 172). In the event plaintiff refuses to consent to the change of venue, a motion must be made within 15 days after service of the demand, in the county designated by plaintiff (CPLR 511 [b]; *see also, Pittman v Maher, supra*). Here, defendants filed a timely demand and plaintiff opposed it. Defendants improperly noticed their motion in Schenectady County and later withdrew same. Subsequently, plaintiff moved for summary judgment in New York County and defendants cross moved, *inter alia*, for an order changing venue to Schenectady County. However, the cross motion, while made in the proper county (CPLR 511 [b]), was brought more than 15 days after defendants filed their demand and the request for relief was thus untimely.

Moreover, the motion court misconstrued the gravamen of plaintiff's complaint. Plaintiff seeks to impose a constructive trust on the assignment of a mortgage, not on the real property. A "mortgage is generally considered to be personal property" (77 NY Jur 2d, Mortgages, § 3, at 375), and the assignment of an existing mortgage, rather than the execution of a new mortgage or the foreclosure of an existing mortgage, would not affect the underlying real property. As such, CPLR 507

does not require this action to be prosecuted in Schenectady County (*cf., 5303 Realty Corp. v O & Y Equity Corp.*, 64 NY2d 313, 322-323). Concur—Lerner, P. J., Sullivan, Milonas, Ellerin and Andrias, JJ.