■ COUNTRYWIDE INSURANCE COMPANY, Appellant, v EMILY QUINN, Respondent. [703 NYS2d 2] —Order, Supreme Court, New York County (Paula Omansky, J.), entered May 6, 1999, which granted defendant's motion pursuant to CPLR 510 (3) to change venue from New York County to Richmond County, unanimously reversed, on the law and the facts, without costs or disbursements, and the motion denied.

In this action for a trial de novo to determine defendant's

entitlement to lost wages under No-Fault, it was error to change venue from New York County to Richmond County on the basis of an affidavit from defendant's attorney citing the fact that the three expected medical witnesses had their offices in Richmond County, as well as the fact that defendant's employer and her employment records were situated in that County. The affidavit fails to show that the prospective witnesses had been contacted and that they were available and willing to testify and the manner in which they would be inconvenienced by a trial in New York County. In the absence of such a showing, a change of venue on the ground of convenience of material witnesses, which is addressed to the sound discretion of the court (*Pittman v Maher*, 202 AD2d 172), should not be granted. (*Cardona v Aggressive Heating*, 180 AD2d 572.) Defendant failed to carry her burden so as to warrant a change of venue. Concur—Sullivan, J. P., Rosenberger, Nardelli, Williams and Friedman, JJ.