■ RAYMOND LOPEZ, Appellant, v RICHARD ROBBINS, Respondent. [702 NYS2d 571] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the

Supreme Court, Kings County (Garson, J.), dated June 9, 1999, which granted the defendant's motion to change the venue of the action from the Supreme Court, Kings County, to the Supreme Court, Suffolk County.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the Clerk of the Supreme Court, Suffolk County, is directed to deliver to the Clerk of the Supreme Court, Kings County, all papers filed in this action and certified copies of all minutes and entries (see, CPLR 511 [d]).

We agree with the plaintiff's contention that the defendant did not move for a change of venue based on the designation of an improper county (CPLR 510 [1]) within the 15 days required by CPLR 511 (b). Accordingly, the defendant is not entitled to a change of venue as of right (see, Singh v Becher, 249 AD2d 154; Newman v Physicians' Reciprocal Insurers, 204 AD2d 210; Pittman v Maher, 202 AD2d 172, 174; Korman v City of New York, 89 AD2d 888; Matter of D.M.C. Constr. Corp. v Nash Steel Corp., 70 AD2d 635, 637). Contrary to the defendant's contention, this issue may be raised for the first time on appeal because it is one of law which appears on the face of the record and could not have been avoided if it had been raised at the proper juncture (see, Block v Magee, 146 AD2d 730).

Furthermore, the Supreme Court improvidently exercised its discretion in granting the defendant a change of venue pursuant to CPLR 510 (3). The defendant failed to show that the convenience of nonparty witnesses would be served by the change (see, Cumberbatch v Gatehouse Motel & Rest., 265 AD2d 370; Roberto v M.C. & E.D. Beck, 254 AD2d 404; O'Brien v Vassar Bros. Hosp., 207 AD2d 169, 172-173; Lundgren v Lovejoy, Wasson, Lundgren & Ashton, 82 AD2d 912). Bracken, J. P., Santucci, Altman, Friedmann and H. Miller, JJ., concur.