■ BERT RUBINSTEIN, as a Member of the Board of Directors of Whitehall Tenants Corp., et al., Respondents, v HORACE H. BULLARD et al., Appellants, et al., Additional Defendants. [726 NYS2d 660] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered October 8, 1999, which granted plaintiffs' motion for a preliminary injunction directing defendants-appellants to comply with certain procedures of corporate governance and which denied defendants-appellants' cross motion to change the venue of the action to Bronx County, unanimously modified, on the law, to the extent of denying plaintiffs' motion and vacating the preliminary injunction, and otherwise affirmed, without costs.

This is the latest in a long series of lawsuits dating back more than 17 years between defendants-appellants, who are resident tenant shareholders of the Whitehall Building, a residential cooperative apartment building with 450 apartments located in the Riverdale section of The Bronx, and Whitehall Realty Company, the sponsor of the building's conversion to cooperative ownership in 1984. Currently, there are nine actions pending between the parties and their affiliates, six brought by plaintiffs and three brought by defendants-appellants. Six of the nine actions are pending in The Bronx; the remaining three

are in New York County. The instant action is based on allegations that plaintiff Rubinstein was excluded from board meetings, was not given proper notice of such meetings, was excluded from deliberations on construction projects and was denied access to minutes and corporate records. On motions to grant plaintiffs preliminary injunctive relief and to transfer venue to The Bronx the IAS court found that venue was properly laid in New York County since this case essentially involves corporate governance and that plaintiffs were entitled to an order directing defendants-appellants to provide access to corporate books and records, to provide plaintiffs with adequate and proper notice of certain meetings, to prepare appropriate minutes and circulate them and to obtain board approval for any construction projects in excess of $50,000.

The IAS court correctly denied defendants-appellants' motion to transfer venue. Although CPLR 507 requires that actions involving title to or possession of real property be tried in the county where real property is situated, this litigation is a transitory action since it concerns issues of corporate governance and the fiduciary obligations of the majority of the board toward the minority member and shareholder (see, Matter of Newler v Abrams, 164 AD2d 361, 365).

However, plaintiffs' motion for a preliminary injunction should have been denied. To warrant preliminary injunctive relief, plaintiffs should have been required to demonstrate: (a) a strong likelihood of success on the merits of their causes of action; (b) imminent, irreparable injury absent such relief; and, (c) a balance of equities in their favor. Plaintiffs' factual showing of a likelihood of success was grossly inadequate. Plaintiff Rubinstein stated in a reply affirmation that he had attended virtually every board meeting since he was appointed. Rubinstein attended the September 1998 meeting at which a substantial contract for emergency brickface repair was deliberated. Documentary evidence demonstrated that competitive bids were used for the brickface project. The parties' affidavits are in sharp conflict over whether plaintiffs were ever denied access to books and records. In light of the record evidence, there was simply no showing that plaintiffs would prevail on their claims of breach of fiduciary duty, including their allegations that the corporation has not been governed in accordance with law. Extraordinary relief requires a sufficient evidentiary predicate which is utterly lacking here. Concur—Mazzarelli, J. P., Andrias, Saxe, Buckley and Friedman, JJ.