■ JOSEPHINE DELTORO, Appellant, v YASHPAL ARYA et al., Respondents. [760 NYS2d 201] —In an action to recover damages for medical malpractice, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Levine, J.), dated June 21, 2002, as, upon reargument, adhered to a prior determination in an order dated April 5, 2002, granting the separate motions of the defendants Yashpal Arya and Wyckoff Heights Medical Center to dismiss the complaint insofar as asserted against them as time-barred.

Ordered that the order dated June 21, 2002, is reversed insofar as appealed from, on the law, with one bill of costs, upon reargument, the order dated April 5, 2002, is vacated, the motions are denied, and the complaint is reinstated.

The plaintiff commenced this action to recover damages for medical malpractice. She alleged that the defendant, Dr. Yashpal Arya, negligently performed an upper gastrointestinal endoscopy on April 6, 1999, at the defendant Wyckoff Heights Medical Center (hereinafter Wyckoff), and that, as a result of the negligence of both, she suffered internal bleeding and other injuries. Dr. Arya and Wyckoff separately moved, inter alia, to dismiss the complaint insofar as asserted against them as time-barred. The Supreme Court granted the motions, and we reverse.

The statute of limitations on a medical malpractice cause of action is 2½ years (*see* CPLR 214-a), pursuant to which the plaintiff in this case had until October 6, 2001, to commence an action (*see* CPLR 214-a; General Construction Law § 20; *Rush v Bauerle,* 49 Misc 2d 595 [1966]). Here, the action was commenced on October 12, 2001. Ordinarily, the action would have been untimely, however, by Executive Order (Pataki) No. 113.28 (9 NYCRR 5.113; hereinafter the Executive Order), is-

sued in the wake of the September 11, 2001, terrorist attacks on New York City, Governor George Pataki declared that any statute of limitations that was set to expire between September 11, 2001, and October 12, 2001, at 11:59 P.M., would be extended to the latter date and time. Here, application of the extension provided for in the Executive Order rendered the plaintiff's action timely as against both defendants. Since this issue is one of law which appears on the face of the record and which could not have been avoided if raised at the proper juncture, it may be reached for the first time on appeal (*see Weiner v MKVII-Westchester,* 292 AD2d 597 [2002]; *Lopez v Robbins,* 269 AD2d 364 [2000]; *Matarrese v New York City Health & Hosps. Corp.,* 247 AD2d 475 [1998]).

Contrary to the contentions of Dr. Arya, there are questions of fact as to whether he treated the plaintiff, as alleged. Thus, his argument as to mistaken identity, raised before the Supreme Court, does not provide an alternative basis to sustain the dismissal of the complaint insofar as asserted against him (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.,* 60 NY2d 539 [1983]). Ritter, J.P., Smith, Goldstein and H. Miller, JJ., concur.