■ MARTIN L. BROTHERS et al., Appellants, v TYCO INTERNATIONAL, LTD., et al., Respondents. [893 NYS2d 231]—

The plaintiffs and the defendant ADT Security Systems, Inc. (hereinafter ADT), entered into a contract for the installation and maintenance of a home security system in the plaintiffs' house. According to the complaint, while installing the system, a worker employed by the defendant Tyco International, Ltd. (hereinafter Tyco), negligently drilled a hole in a waste disposal pipe, causing a slow leakage of waste water that resulted in a moldy condition throughout parts of the plaintiffs' house. After the plaintiffs recovered more than $40,000 pursuant to a homeowner's insurance policy, which reimbursed them for their out-of-pocket expenses in remediating the premises, they commenced this action against ADT and Tyco to recover consequential and incidental damages not covered by their insurance policy, such as damages resulting from exposure to mold spores and from the disruption to their normal life caused by the remediation work that was required to be performed on the premises.

The Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint and denied the plaintiffs' cross motion for summary judgment dismissing the defendants' first, second, and third affirmative defenses. The defendants established their prima facie entitlement to judgment as a matter of law by submitting a contract between the plaintiffs and ADT, which unequivocally provided that the defendants would not be liable to the plaintiffs for losses due to water intrusion or mold resulting from the installation of the home security system (see Uribe v Merchants Bank of N.Y., 91 NY2d 336, 341 [1998]; Lago v Krollage, 78 NY2d 95, 99-100 [1991]). In opposition, the plaintiffs failed to raise a triable issue of fact. Further, the plaintiffs have not demonstrated the existence of a compelling public policy consideration that would

justify voiding the exculpatory provision in this instance (*cf. Rosenthal v Bologna*, 211 AD2d 436, 438 [1995]).

The plaintiffs' remaining contentions are without merit. Fisher, J.P., Angiolillo, Lott and Sgroi, JJ., concur.