■ Jennifer Fish, Respondent, v Paula Davis et al., Appellants. [45 NYS3d 46]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered on or about May 9, 2016, which denied defendants' motion to change venue of the action from New York County to Rockland County, unanimously affirmed, without costs.

The motion court properly noted that defendants failed to comply with the procedural requirements of CPLR 511 by moving to change venue four months after serving an answer that did not request a change of venue (*see* CPLR 511; *Pittman v Maher*, 202 AD2d 172, 175 [1st Dept 1994]). When a defendant

fails to make a demand to change venue, the court may still exercise its discretion to change venue, but "only in certain limited situations," such as when the defendant seeks to enforce a contract provision or when "judicial policy dictates that a case be heard only in a proper county" (*id.*). While CPLR 507 mandates that venue of an action involving title to or possession, use or enjoyment of real property be the county where the property is located (*see Moschera & Catalano v Advanced Structures Corp.*, 104 AD2d 306 [1st Dept 1984]), here, the action essentially seeks a determination of the individual parties' rights as shareholders of defendant corporation, which owns real property in Rockland County (*see Rubinstein v Bullard*, 285 AD2d 366, 367 [1st Dept 2001]). In opposition to the motion, plaintiff demonstrated that subdivision of the property is not possible, and that the complaint seeks either rescission of the shareholders agreement or specific enforcement of its provision requiring the parties to implement a cooperative ownership plan. Accordingly, the court providently exercised its discretion in denying the motion to transfer venue to Rockland County. Concur—Tom, J.P., Richter, Saxe, Gische and Gesmer, JJ.