Patiwana v Shah (2018 NY Slip Op 04746)





Patiwana v Shah


2018 NY Slip Op 04746


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2017-05381
 (Index No. 713093/16)

[*1]Rajan Patiwana, etc., respondent, 
v
Nimesh Shah, et al., appellants.


Einbinder Dunn & Goniea, LLP, New York, NY (Mackenzie L. Dimitri of counsel), for appellants.
Greenberg Traurig, LLP, New York, NY (Daniel J. Ansell and Hal N. Beerman of counsel), for respondent.



DECISION & ORDER
In a derivative action, inter alia, to recover damages for breach of fiduciary duty and waste of corporate assets, the defendants appeal from an order of the Supreme Court, Queens County (Leonard Livote, J.), entered April 5, 2017. The order, insofar as appealed from, denied the defendants' motion to change venue of the action from Queens County to Nassau County.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, the defendants' motion to change venue of the action from Queens County to Nassau County is granted, and the Clerk of the Supreme Court, Queens County, is directed to deliver to the Clerk of the Supreme Court, Nassau County, all papers filed in the action and certified copies of all minutes and entries (see CPLR 511[d]).
The plaintiff commenced this derivative action, individually and on behalf of VBR Corporation, Fortune Donut Corporation, Plaza Donut Corporation (hereinafter collectively the corporations), and 70-16 Northern Blvd., LLC (hereinafter the LLC), against the defendants in Queens County. The action sought, inter alia, to recover damages for breach of fiduciary duty and waste of corporate assets, and a judgment declaring that the plaintiff had a 69% interest in the LLC. Thereafter, the defendants timely served a demand for a change of venue and subsequently timely moved pursuant to CPLR 503(a), 510(1), and 511(a) to change venue of the action from Queens County to Nassau County, where the plaintiff and the defendants resided. The defendants alleged that venue could not be placed in Queens County because all of the parties reside in Nassau County. The plaintiff opposed the defendants' motion contending, inter alia, that venue was properly placed [*2]in Queens County pursuant to CPLR 503 and 507, and sought to retain venue in Queens County pursuant to CPLR 510(3). The Supreme Court denied the defendants' motion to change venue. The defendants appeal.
CPLR 503(a) provides, in pertinent part, "except where otherwise prescribed by law, the place of trial shall be in the county in which one of the parties resided when it was commenced." Here, since the plaintiff and the defendants, the only parties to this derivative action (see Niles v New York Cent. & Hudson Riv. R. R. Co., 176 NY 119, 124; Flynn v Brooklyn City R. R. Co., 158 NY 493, 508; Jones v Van Heusen Charles Co., 230 App Div 694, 697; cf. Jacobs v Cartalemi, 156 AD3d 605; Barbaro v Spinelli, 121 AD3d 727, 728), were residents of Nassau County when it was commenced, venue was improperly placed in Queens County. Contrary to the plaintiff's contention, the fact that two of the corporations and the LLC are located in Queens County did not make Queens County a proper venue to commence this action, since those entities are not parties to the action.
Furthermore, venue could not have been properly placed in Queens County pursuant to CPLR 507. While CPLR 507 mandates that venue of an action which seeks a judgment that will "affect the title to, or the possession, use or enjoyment of, real property" shall be placed in the county where the property is located (see Clark v Clark, 93 AD3d 812, 816), here, the action seeks, inter alia, a determination of the plaintiff's membership interest in the LLC (see Fish v Davis, 146 AD3d 485, 486; Rubinstein v Bullard, 285 AD2d 366, 367; Suddin v Lynbrook Gardens Co., 127 Misc 2d 406, 409 [Sup Ct, Special Term, NY County]). In opposition to the motion, the plaintiff failed to demonstrate that the relief he is seeking will affect real property in Queens County.
The plaintiff failed to move by notice of cross motion to retain venue in Queens County pursuant to CPLR 510(3), and we decline to review the plaintiff's informal request in the exercise of discretion (see CPLR 2215; Fried v Jacob Holding, Inc., 110 AD3d 56, 64, 65).
Accordingly, the Supreme Court should have granted the defendants' motion to change venue from Queens County to Nassau County.
SCHEINKMAN, P.J., COHEN, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court