Poyodi v Go N.Y. Tours, Inc. (2021 NY Slip Op 02260)





Poyodi v Go N.Y. Tours, Inc.


2021 NY Slip Op 02260


Decided on April 13, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 13, 2021

Before: Manzanet-Daniels, J.P., Mazzarelli, Oing, Kennedy, JJ. 


Index No. 30450/19E Appeal No. 13589N Case No. 2020-04737 

[*1]Pitoh Poyodi, Plaintiff-Respondent,
v
Go New York Tours, Inc., et al, Defendants-Appellants.


Barton LLP, New York (Maurice N. Ross of counsel), for appellants.
Law Offices of Brian J. Elbaum, New York (Brian Elbaum of counsel), for respondent.



Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered May 19, 2020, which denied defendants' motion to change venue from Bronx County to New York County pursuant to CPLR 510(3), unanimously affirmed, with costs.
The motion court providently exercised its discretion in declining to change venue from Bronx County, where plaintiff resides (see CPLR 503[a]; O'Connor v Lawrence Hosp., 162 AD2d 288 [1st Dept 1990]). In support of their motion based on witness convenience, defendants failed to establish "the identity and availability of proposed nonparty witnesses, the nature and materiality of their proposed testimony, [or] the manner in which they would be inconvenienced by the initial venue" (see Moumouni v Tappen Park Assoc., Inc., 118 AD3d 427, 427 [1st Dept 2014] [internal quotation marks omitted]). Their attorney's affirmation does not suffice, since it contains only a hearsay statement about what the proposed witnesses told counsel (see Pittman v Maher, 202 AD2d 172, 176 [1st Dept 1994]).
Defendants' assertion that the medical staff that treated plaintiff after the altercation in which he was injured would find it more convenient to travel to lower Manhattan than to the Bronx does not suffice (see Guerrero v New York City Health & Hosps. Corp., 269 AD2d 184 [1st Dept 2000]).
The court properly declined to consider the proposed witnesses' affidavits submitted by defendants for the first time on reply (see Migdol v City of New York, 291 AD2d 201 [1st Dept 2002]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 13, 2021