New York State Div. of Human Rights v Ithaca Renting, LLC (2022 NY Slip Op 07197)

New York State Div. of Human Rights v Ithaca Renting, LLC

2022 NY Slip Op 07197

Decided on December 20, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 20, 2022

Before: Manzanet-Daniels, J.P., Oing, Singh, Scarpulla, Pitt-Burke, JJ. 

Index No. 42004/22E Appeal No. 16949 Case No. 2022-00800 

[*1]New York State Division of Human Rights, Plaintiff-Respondent,
v
Ithaca Renting, LLC Doing Business as Ithaca Renting Company, et al., Defendants-Appellants.

Lyman & Lyman, LLC, Ithaca (Nathan M. Lyman of counsel), for appellants.
Robert A. Goldstein, New York State Division of Human Rights, Bronx (Jacqueline L. Spratt of counsel), for respondent.

Order, Supreme Court, Bronx County (Elizabeth Aherne, J.), entered on or about February 1, 2022, which, to the extent appealed from as limited by the briefs, denied defendants' motion to change venue from Bronx County to Tompkins County pursuant to CPLR 507, unanimously affirmed, without costs.
In this action alleging unlawful discrimination in connection with housing, plaintiff Division of Human Rights (DHR) alleges that defendants, who own rental properties in Ithaca, New York, have imposed an "Animal Maintenance" or "no-pet" policy that is so overbroad that it effectively denies people with disabilities the right to lease apartments, and fails to provide them with reasonable accommodations in violation of the Human Rights Law (Executive Law §§ 296.5[a][2], [3], 296.14, and 296.18[2]). Defendants seek to change venue to Tompkins County, where the properties are located, pursuant to CPLR 507, which applies to "an action in which the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property."
Contrary to defendants' contention, while the complaint seeks to protect the rights of people with disabilities to "equal opportunity to use and enjoy a dwelling" (Executive Law § 296[18][2]), the declaratory, injunctive and other relief sought by DHR would not directly affect defendants' "title to, or the possession, use or enjoyment of, real property" and therefore CPLR 507 does not apply (see Fish v Davis, 146 AD3d 485 [1st Dept 2017]; State of New York v Slezak Petroleum Prods., Inc., 78 AD3d 1288, 1289 [3d Dept 2010]; Singh v Becher, 249 AD2d 154 [1st Dept 1998]; see also Fish at 485).
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 20, 2022