Bronx Car Park Sys., Inc. v Fordham Hill Owners' Corp. (2023 NY Slip Op 05032)

Bronx Car Park Sys., Inc. v Fordham Hill Owners' Corp.

2023 NY Slip Op 05032

Decided on October 05, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 05, 2023

Before: Manzanet-Daniels, J.P., Singh, Gesmer, Rodriguez, Rosado, JJ. 

Index No. 651147/22 Appeal No. 729 Case No. 2023-01182 

[*1]Bronx Car Park Systems, Inc., etc., Plaintiff-Respondent,
v
Fordham Hill Owners' Corporation etc., et al., Defendants-Appellants.

Smith Buss & Jacobs, LLP, Yonkers (Ryan P. Kaupelis of counsel), for appellants.
DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, White Plains (Nicholas M. MenaschÉ of counsel), for respondent.

Order, Supreme Court, New York County (Andrea Masley, J.), entered on or about September 11, 2022, which denied defendants' motion to change venue to Bronx County, unanimously affirmed, with costs.
The motion to change venue was not procedurally improper. Defendants substantially complied with the statute by serving a demand together with the amended answer, then filing the motion within 15 days after service of the demand (see Ross v City of Rochester, 8 NY2d 1067, 1067-1068 [1960]; Penniman v Fuller & Warren Co., 133 NY 442, 444 [1892]; Corea v Browne, 45 AD3d 623, 624 [2d Dept 2007]). However, it was properly denied by the court because plaintiff properly designated New York County, its principal place of business, as the place of trial in the first instance (see CPLR 503[c]), and defendants failed to meet the criteria set forth in CPLR 510 which would authorize, permit, or justify such a change.
Supreme Court properly denied defendants' motion to change venue to Bronx County pursuant to CPLR 507. Neither the amended complaint nor defendants' counterclaims demand a judgment that would affect title to, or possession, use, or enjoyment of, the subject garage. The claims concern issues of breach of contract, negligence, and for a declaration or counter-declaration as to which party is responsible to make nonstructural and structural repairs to the garage under the lease agreement, without seeking rescission or termination of that lease (see Fish v Davis, 146 AD3d 485, 486 [1st Dept 2017]; Rubinstein v Bullard, 285 AD2d 366, 367 [1st Dept 2001]). That plaintiff sought a Yellowstone injunction to prevent it from being evicted from the premises during the pendency of the action does not compel a different result, as it merely preserves the status quo until the matter is resolved by the court. Similarly, defendants' counterclaims for injunctive relief do not seek that plaintiff be permanently barred from providing parking services so as to trigger CPLR 507. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 5, 2023