Nimmons v EIC Assoc., Inc.
2026 NY Slip Op 03736
June 11, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Anttwon Nimmons, et al., Plaintiffs-Respondents,
v
EIC Associates, Inc., et al., Defendants-Appellants, ABC Corp. Bonding Companies, Defendant.

Decided and Entered: June 11, 2026
Index No. 654675/23|Appeal No. 6873|Case No. 2025-04364|
Before: Manzanet-Daniels, J.P., González, Higgitt, Michael, Chan, JJ.

Cohen Seglias Pallas Greenhall & Furman, P.C., New York (Jonathan Landesman of counsel), for appellants.
Pelton Graham LLC, New York (Brent E. Pelton of counsel), for respondents.

[*1]
Order, Supreme Court, New York County (Nicholas W. Moyne, J.), entered on or about June 10, 2025, which denied defendants' motion for a change of venue to Queens County, unanimously affirmed, with costs.
As an initial matter, venue was not proper in New York County under the forum selection clause in the public works contract underlying this action because it applies only to claims asserted "against the City," and thus does not dictate venue here (see De La Cruz v Caddell Dry Dock & Repair Co., Inc., 56 AD3d 365, 366 [1st Dept 2008]).
Nevertheless, defendants' motion to change venue to Queens County was properly denied because defendants did not serve their demand within the strict time limits provided by statute (CPLR 510[1]; 511[a], [b]; see Martirano v Golden Wood Floors Inc., 137 AD3d 612, 613 [1st Dept 2016]). It is undisputed that when the action was commenced, none of the named plaintiffs resided in New York County, and that all of the events underlying the instant action occurred in Queens County. Thus, venue was proper in Queens County (see CPLR 503[a]). However, this is not one of the "limited situations" in which an otherwise untimely motion to change venue may be granted as a provident exercise of discretion since "the only ground sufficient to support the change of venue is that the action was not commenced in the proper county" (Pittman v Maher, 202 AD2d 172, 175-176 [1st Dept 1994]).
To the extent the motion was premised on CPLR 510(3), which is not subject to the same strict time constraints, that motion should have been denied as defendants failed to provide the identity and availability of any proposed witnesses, the nature of their anticipated testimony, or how they would be inconvenienced by trial in New York County (see Villalba v Brady, 162 AD3d 533, 533 [1st Dept 2018]).
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 11, 2026